ALBERT M. BERARD vs. CONSOLIDATED REALTY CORPORATION.

MARCH 5, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J.  This is an action of assumpsit for the collection of a real estate broker's commission.  It was tried before a justice of the superior court, sitting without a jury, and resulted in a decision for the defendant on the latter's plea of the statute of limitations.  The case is before us on the plaintiff's bill of exceptions, his sole exception being to the decision.

The action was begun by a writ of attachment dated May 22, 1961.  The plaintiff's declaration is framed in two counts in quantum meruit, count one alleging that plaintiff deserved to have from defendant $1,300 and interest from April 21, 1955, with count two alleging the same, but from October 18, 1955.  The defendant pleaded the general issue to both counts, and in addition pleaded the statute of limitations in answer to count one.  The plaintiff replied with a new promise on October 21, 1955 which he says answers the plea.  Thus issue was joined.

The parties agreed in open court that the sole issue involved whether or not the statute of limitations had run to bar plaintiff in the suit.  The only evidence introduced

is an exhibit. This is a contract to sell real estate, dated April 21, 1955, and signed by defendant as seller and Bernard R. Monty as buyer, with plaintiff's signature appearing to the left of both signatures under the word "Witness."

The contract consists of a printed form entitled "Deposit Receipt And Agreement" to which is added typewritten words. Inter alia, it provides that "the purchaser shall pay the balance of $13,200.00 and accept title within ten days from tender to him of a good or acceptable title," to which is added the typewritten words "but not sooner than 90 days from this date (April 21, 1955)."

Further on in the contract appears the clause:

"I, We, the seller('s) hereby concede(s) owing, and hereby agree to pay Albert M. Berard of 757 Park Ave., Woon. R.I. the sum of $1,300.00 as commission."

In a space below the executed contract is the following extension agreement:

"The time for the performance of the foregoing agreement is extended until   The————21st
Witness our hands and seals this            day of October 1955."

The court found that the words used were intended by the parties to read: " 'The time for the performance of the foregoing agreement is extended until The 21st day of October, 1955. Witness our hands and seals this ————.' " Beneath this appears the signature "Albert M. Berard," which is to the left of the instrument in a similar position to that in which he had signed the contract twice previously as a witness. "Consolidated Realty Corp. by John P. Capaldi," is the signature which appears to the right of Berard's.

The court then found that the signature of plaintiff here was as a witness and that it was not signed by him either in extension of the time for completion of the contract to sell the real estate or of the agreement to pay the commis-

sion. After finding that plaintiff was entitled to his commission upon the production of a ready, able, and willing purchaser, citing *Cannon* v. *Staples,* 46 R. I. 300, the court ruled that the cause of action accrued on April 21, 1955. Since the writ was not issued until May 22, 1961, G. L. 1956, §9-1-16, barred recovery.

The issue thus presented to this court is one of mixed fact and law. There is no question as to the decision of the trial justice that if plaintiff was entitled to his commission on April 21, 1955, his present suit is barred by the statute.

There is, however, the more troublesome question of whether the extension was in fact a matter involving only the principals to the basic agreement, namely, the purchaser and the seller of the real estate.

The trial justice in effect found as a fact that the provision relating to an extension was a part of the principal agreement as to the time in which the purchaser would be obligated to pay the balance of the purchase price. In this regard he found that plaintiff signed as a witness as he had twice previously in connection with the purchase and sale agreement which the instrument purports to be. The trial justice concluded that the agreement to which the extension of time referred in no wise related to defendant's obligation as seller to pay the agreed commission, and although the instrument might conceivably be open to another interpretation we cannot say that the trial justice was clearly wrong.

The plaintiff, apparently at the time of this transaction, twice previously had affixed his signature as a witness and in doing so became acquainted with the fact that the party to be bound ordinarily signs at the right of the instrument, and a witness thereto directly opposite. Indeed in his experience as a realtor it is altogether probable that he had already acquired such knowledge. In any event, the question of whether the language referring to an extension of time was intended to apply to the principal agreement or

to the ancillary obligation of defendant to pay plaintiff's commission was, in the first instance, a question of fact. This question was resolved by the trial justice and his action is dispositive of the issue before us. Being unable to conclude that he misconceived the ultimate fact, his decision in our judgment does substantial justice between the parties.

The plaintiff, however, seems to argue that the trial justice misconceived the time at which the extension agreement was executed. He contends, as we understand him, that it was not executed simultaneously with the principal agreement, hence it could not have related to anything but the understanding between himself and defendant as to the time when the commission was due.

There is nothing in the instrument to suggest that the extension was executed at any time other than April 21. There being no other evidence than the exhibit itself, such contention is untenable.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Irving I. Zimmerman,* for plaintiff.

*Anthony A. Giannini,* for defendant.