Henderson *v.* Henderson, Appellant.

98

Argued May 23, 1974. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Peter C. Paul*, with him *Rawle & Henderson*, for appellant.

*Samuel F. Pepper*, for appellee.

*James M. Marsh*, with him *LaBrum and Doak*, for interested party.

*Barbara A. Brown, Harriet N. Katz, Ann E. Freedman*, and *Women's Law Project*, for Women in Transition and ERA Law Center, interested parties.

*Kathleen Herzog Larkin* and *Lawrence Silver*, Deputy Attorneys General, and *Israel Packel*, Attorney General, for amicus curiae.

OPINION PER CURIAM, October 16, 1974:

This is one of three appeals that have been consolidated for the purposes of argument to determine the consistency of current legislative enactments with the recently passed Article I, Section 28 of the Pennsylvania Constitution known as the Equal Rights Amendment.[1] This particular appeal raises the question whether the Act of May 2, 1929, P. L. 1237, §46, *as amended*, 23 P.S. §46 (Supp. 1974-75) is in violation of Article I, Section 28[2] in that it provides for the payment of alimony pendente lite, counsel fees and expenses to the wife-party of a divorce action and not to the husband in appropriate cases.

Appellant, Theodore H. Henderson, appealed from an order of the Superior Court affirming by an equally-divided court the action of the Court of Common Pleas, Family Court Division directing him to deposit security for payment of costs in a pending divorce action.[3] The parties filed an agreed statement of the case setting forth that the appellee, Barbara Ann Henderson, had instituted an action in divorce A.V.M. to which the appellant responded by filing an answer. The appellee thereupon filed a petition and rule for alimony pendente lite, counsel fees and costs. The rule for counsel fees was made absolute in the sum of $200 by agreement, and the balance of the rule was continued until further

[1] The other two cases are *Weigand v. Wiegand* and *Commonwealth v. Staub.*

[2] Section 28 provides: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual. Adopted May 18, 1971."

[3] An opinion supporting reversal was filed on March 27, 1973 by SPAULDING, J., joined by HOFFMAN and CERCONE, JJ.

notice. After two Masters' Hearings and in accordance with Philadelphia Local Rule 1133(a)*(2)(b),[4] the Master filed a rule upon the appellant to show cause why a reasonable sum should not be deposited with the Prothonotary as security for payment of additional Masters' fees. Simultaneously, a rule was filed on behalf of the stenographer also requesting that a suitable sum be set aside for future stenographic costs. The court below, after directing both parties to the action to submit statements of income and assets, entered an order directing appellant to deposit $500.00 as security for additional Masters' fees and $100 as security for additional stenographic charges. From this order the appellant appealed.[5]

Section 46 has been interpreted as allowing the courts in appropriate cases to provide the wife, who is either suing or defending a case of divorce, a reasonable sum as will enable her to maintain herself during the pending action and provide for the neces-

---

[4] That Rule in pertinent part provides: "Before incurring any expense or before holding a third hearing, the master may require, upon rule to show cause allowed by the court, the deposit of an additional sum with the Prothonotary for his expenses or compensation, or the entry of security therefor, with a stay of proceedings until the amount directed by the court shall be deposited or security entered, and if any excess of this deposit on account of the master's expenses or compensation shall remain in the hands of the Prothonotary after the express allowance of additional compensation to the master by the court *after* the filing of the master's report, such excess shall be returned to the party depositing the same upon proper order of the court."

[5] In this jurisdiction we have held that an allowance of alimony pendente lite, counsel fees and expenses is a final and appealable order. *Brady v. Brady*, 168 Pa. Superior Ct. 538, 79 A.2d 803 (1951) ; *Rutherford v. Rutherford*, 152 Pa. Superior Ct. 517, 32 A.2d 921 (1943). *Gould v. Gould*, 95 Pa. Superior Ct. 387 (1928). While the instant order requires a payment in escrow as opposed to an award outright, we believe that the distinction is not significant in terms of whether the order is reviewable.

sary expenses of that action. *See, Morgan v. Morgan,* 182 Pa. Superior Ct. 182, 126 A.2d 805 (1956). As noted by the opinion in the Superior Court for reversal: "If the purpose of the Act . . ., is to insure that lack of financial ability will not prevent an action or defense by a wife in a divorce case, then this intent may only be implemented by legislation which would also preserve a husband's similar rights to bring or defend a divorce action where he lacked the financial ability and his wife has sufficient ability to pay." The thrust of the Equal Rights Amendment is to insure equality of rights under the law and to eliminate sex as a basis for distinction. The sex of citizens of this Commonwealth is no longer a permissible factor in the determination of their legal rights and legal responsibilities. The law will not impose different benefits or different burdens upon the members of a society based on the fact that they may be man or woman. Thus, as it is appropriate for the law where necessary to force the man to provide for the needs of a dependent wife, it must also provide a remedy for the man where circumstances justify an entry of support against the wife. In short, the right of support depends not upon the sex of the petitioner but rather upon need in view of the relative financial circumstances of the parties.

Subsequent to the filing of the instant appeal, the legislature has amended Section 46 to provide:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses. If at any time, either before or after a final decree has been entered divorcing the parties, the spouse is in arrears in the payment of the alimony pendente lite, counsel fees and expenses so allowed, the other spouse or ex-spouse, as the case may be, may, by affidavit of default, upon praecipe to the prothonotary, obtain

a judgment for such arrearages: Provided, That no such judgment shall be entered more than one year after a final decree is issued.

Section 2. This act shall take effect immediately." Act No. 139 Adopted June 27, 1974.

This section is obviously adopted to meet the Constitutional conflict that existed between the former section and the new Equal Rights Amendment.

We therefore reverse the order of the Superior Court and vacate the order of the trial court and remand the matter for reconsideration in light of the amended section.