Matthew-Landis Co., Inc. *v.* Housing Authority
of Chester County, Appellant.

Submitted September 10, 1975. Before WATKINS, P.
J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Lawrence E. Wood*, and *Wood, Parke & Barnes*, for appellant.

*Frank L. White, Jr.*, and *Duane, Morris & Heckscher*, for appellee.

OPINION BY WATKINS, P.J., June 28, 1976:

This is an appeal from an Order of the Court of Common Pleas of Chester County, Pennsylvania, Civil Action, Law Division, entering judgment on the pleadings in favor of the plaintiff-appellee, Matthew-Landis Co., Inc., and against the Housing Authority of the County of Chester, the defendant-appellant.

This action in assumpsit was commenced by a complaint alleging that the appellant-defendant, the Housing Authority of the County of Chester, and the appellee, Matthew-Landis Co., Inc., entered into a written escrow agreement on June 11, 1974. The terms of the agreement were that the appellant was to withhold $10,000, otherwise due and payable by it to the appellee, to protect the appellant against claims which might be made against it by the appellee's employees or employees of appellee's subcontractors by and through the Labor Relations Division of the Department of Housing and Urban Development on the employees' behalf. According to the terms of the agreement, if no claims were made on or before October 11, 1974, the escrow agreement would terminate and the funds, or remaining funds, were to be delivered to the appellee.

The complaint, filed on November 13, 1974, alleges that there was no claim made against the fund within the agreed time period, which averment was admitted by the appellant. In fact, the appellant admitted all the averments of the complaint. However, it did allege in new matter in its answer, that it did not release the

funds to the appellee "...because it (defendant) was so instructed by the Department of Housing and Urban Development, the organization which funds Defendant." The appellee replied that the foregoing averment was irrelevant and made a motion for the entry of judgment on the pleadings in its favor. The motion was granted by the lower court and the instant appeal ensued. The appellant, for the first time on appeal, tenders the proposition that its defense is based upon the Davis-Bacon Act, Act of March 3, 1931, c. 411, §1, 46 Stat. 1494, as amended, 40 U.S.C. §276(a). The appellant did not raise this alleged statutory defense in its pleadings, nor was it apparently raised at the time of the argument for the motion for judgment on the pleadings. Since this alleged statutory defense was not raised below either in the pleadings or in argument we may not consider it here. *Riverside Iron and Steel Corporation v. City of Monongahela*, 7 Pa. Commonwealth Ct. 269, 273, 298 A.2d 918, 920 (1972); *Consolidated Cigar Corp. v. Corbin*, 285 Pa. 273, 283, 132 A. 364 (1926); Pa. R.C.P. 1032. However, even if we were to consider this defense, it appears that it would afford the appellant no relief since there is no allegation that the United States nor the District of Columbia was a party to the contract in question as required by the Davis-Bacon Act, *supra*. Therefore, our scope of review is limited to whether the judgment on the pleadings was properly entered. *Shepherd v. General Telephone and Electronics Corp.*, 411 Pa. 49, 190 A.2d 895, 896 (1963).

Under Pa. R.C.P. 1034, a motion for a judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is essentially in the nature of a demurrer since the opposing party's well-pleaded allegations are viewed by the court as being true. *Bata v. Central-Penn National Bank of Phila.*, 423 Pa. 373, 224 A.2d 174, 178 (1966). Those facts which are admitted by him may be considered against him. *Ibid.* The appellant by his answer in the instant matter admitted the

existence of the escrow contract between itself and the appellee. It admitted that no claim to the escrowed funds was made by the Department of Housing and Urban Development and that it has refused to pay over to appellee the escrowed deposit. Clearly, this standing alone would allow affirmance of the entered judgment. However, by alleging the instruction of the Department of Housing and Urban Development not to pay, the question arises as to whether this would raise a factual question.

As mentioned above, the well-pleaded averments of the non-moving party are deemed to be admitted by the moving party in a motion for a judgment on the pleadings. On such a motion the court must accept as true — even though denied — all averments of fact by the opposing party which are material and relevant. *Miami National Bank v. Willens*, 410 Pa. 505, 190 A.2d 438, 439 (1963). However, conclusions drawn from material sources or alleged relationships which are not part of the record cannot be admitted, nor are conclusions of law. *London v. Kingsley*, 368 Pa. 109, 81 A.2d 870, 871 (1951). In the instant appeal the record is void of any reference to what authority the Department of Housing and Urban Development used to order the withholding of the escrow deposit. It was not a party to the escrow arrangement. The only reference to it in the agreement and the pleadings is that if a claim were to be made by the appellee's employees it would be lodged by and through the Labor Relations Division of that Department. However, by the appellant's own admissions no claim was ever made. Consequently, the lower court's determination that such reference in the appellant's new matter was irrelevant and immaterial is correct. Therefore, since we can find no defense to the appellee's claim, the case is free from doubt, and a trial would appear to be indeed a fruitless exercise.

Order affirmed.