406 A.2d 1381

**COMMONWEALTH of Pennsylvania ex rel. Barbara STEIN, Ind. and as Guardian of Steven Stein, Kevin Stein and Cliff Stein, minors, appellee,**

v.

**Norman STEIN, Appellant.**

Supreme Court of Pennsylvania.

Argued April 16, 1979.

Decided Oct. 24, 1979.

2

Charles C. Shainberg, Louis S. Rulli, Philadelphia, for appellant.

Jerome M. Dubyn, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

4

**OPINION**

NIX, Justice.

■ Respondent Barbara Stein, in a proceeding in the Family Division of the Court of Common Pleas of Philadelphia County, successfully invoked the provisions of the Act of May 23, 1907, P.L. 227 § 2, *as amended* 48 P.S. § 132,[1] and

1. Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife or children, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected *or* refused *or* shall neglect or refuse to provide suitable maintenance for his said wife or children, proceedings may be had against any property real or personal of said husband necessary for the suitable maintenance of the said wife or children; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance; and service upon the defendant shall be made as in other actions, at law or in equity, or in the manner provided in the act of General Assembly, entitled "An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein," approved the sixth day of April, one thousand eight hundred and fifty-nine (Pamphlet Laws 387).

In *Krouse v. Krouse*, 221 Pa.Super. 13, 289 A.2d 233 (1972) the Superior Court pointed out that the Act of May 23, 1907, P.L. 227 § 2, as amended, 48 P.S. § 132 is a procedural provision and the substantive rights are derived from other sources.

"The substantive right of a wife to support is determined both under the common law and the Act of June 24, 1939, P.L. 872, § 733, as amended, 18 P.S. § 4733 . . . . . This substantive right may be enforced through the procedure provided by . . . the Act of May 23, 1907, P.L. 227, § 2, as amended, 48 P.S. § 132."

*Krouse v. Krouse*, supra, 221 Pa.Super. at 15, 289 A.2d at 235. Under the provisions of the Act of 1907, a wife can only proceed to enforce the support obligation where the husband has separated himself from the home *and* has neglected to support his family. *Stern v. Stern*, 378 Pa. 201, 105 A.2d 719 (1954); *McDougall v. McDougall*, 397 Pa. 340, 155 A.2d 358 (1959). Here the parties were residing in the same household at the time this action was instituted. However, no objection has been raised by the appellant to this procedural defect and it is therefore waived. Pa.R.A.P. 302(a). *See also Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Matthew-Landis v. Housing Authority*, 240 Pa.Super. 541, 361 A.2d 742 (1976).

Our decisions in *Brenner v. Sukenik*, 410 Pa. 324, 189 A.2d 246 (1963) and *Drummond v. Drummond*, 414 Pa. 548, 200 A.2d 887 (1964) are not at variance with this conclusion. In *Brenner* we expressly stated the "[t]he Act of 1907 created a special *procedural* right . . ." Id. 410 Pa. at 328, 189 A.2d at 248. In *Drummond* we stated "[i]t is important to note, . . ., that the Act of 1907

the Act of May 24, 1923, P.L. 446 § 1, 48 P.S. § 137[2] to collect support payments owed to her by her husband, petitioner Norman Stein. The statutes in question provide remedies *in rem* at the behest of the wife or children against the husband for maintenance under certain circumstances and authorize execution process against real property held by the entireties to satisfy a support judgment.

Petitioner contends that these statutes are constitutionally defective under the Equal Rights Amendment to the Penn-

was passed in order to supplement the usual remedy for non-support—an action in the quarter sessions court as now provided by the Act of June 24, 1939, P.L. 872, § 733, as amended, 18 P.S. § 4733." While it is true that these decisions refer to the fact of separation as a jurisdictional prerequisite to the invocation of the act, it must be remembered that these decisions were prior to the 1968 amendment to Art. 5 of our Constitution. Thus, when the term "jurisdiction" was used in these decisions, the Court was referring to whether *jurisdiction was vested in a court of equity* as opposed to the court of quarter sessions. Since the 1968 amendment, subject matter jurisdiction over support matters is unquestionably vested in the court of common pleas and disputes as to the appropriate division no longer raise jurisdictional issues. *Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1973).

2. Whenever a husband and wife shall hold real estate by entireties and the wife has heretofore secured or shall hereafter secure a sentence, order, or decree of court against the husband for the support of herself and a child or children of her said husband, or either or any of them, and a copy of such sentence, order, or decree has been certified to any court of common pleas of any county in this Commonwealth in which the real estate so held by entireties is situated, the said order, decree, or judgment shall be entered in the said court of common pleas as a judgment therein with like force and effect as if the same had been recovered therein as a judgment of the latter court; and it shall be lawful to issue execution on such judgment against such real estate so held by entireties and to sell the same in the manner provided by law for the sale of real estate on execution issued on a judgment, but, in any such writs of execution thereon, the defendant therein shall not be entitled to the benefit of any exemption laws, and said real estate may be sold without inquisition. The sale of any such real estate, under the provisions of this act, shall convey to the purchaser or purchasers thereof a good and valid title to such real estate, and shall vest in him or them the entire title of both the husband and wife in the same manner and to the same effect as if both husband and wife had joined in the conveyance of same.

6

sylvania Constitution, Art. 1, Sec. 28,[3] and, hence, the statutes should be invalidated *in toto* with the result that the order entered below pursuant to the statute must be vacated.

We granted appeal from the Superior Court's per curiam affirmance of the order of the court below entering a support payment against petitioner and ordering the sale of property held by petitioner and respondent by the entireties, the proceedings to be held in escrow pending final disposition of the case below, limited solely to the issue of whether or not 48 P.S. § 132 and § 137 are constitutionally infirm.

Respondent contends that petitioner has not preserved the issue for appellate review, that the case is moot, and that petitioner is without standing to assert the constitutional claims. Before we can proceed to the merits of the case, these matters must first be addressed.

■ Respondent objects to the mode by which the constitutional claim was presented to the court of first instance, that is to say, the objection was made orally rather than in writing. That objection was repeatedly made in the record of the hearing held in the Court of Common Pleas by petitioner's counsel, Mr. Shainberg, as follows:

*Mr. Shainberg* : . . . Please understand me, Your Honor, that I'm not attempting to merely cite a technicality, but I really truly believe in what I'm saying here. I've examined 48 Purdon's 132 and 137. They specifically address themselves to husband only situations.

It's our contention on this matter, although Your Honor may not wish to deal with it, that under the Equal Rights Amendment those statutes are unconstitutional. But for the record, I would like to make that argument to the Court . . .

(N.T., June 30, 1976, p. 19–20).

\* \* \* \* \* \*

3. "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

*The Court*: . . . Do you dispute that I may order the property sold?

*Mr. Shainberg*: Yes, I do, Your Honor.

*The Court*: Why? For what reason?

*Mr. Shainberg*: . . . Secondly, as I said before, we challenge the constitutionality of it; . . .

(N.T., June 30, 1976, p. 30).

  \*  \*  \*  \*  \*  \*

*The Court*: We can escrow the funds and then make a determination as to where the money should go.

*Mr. Shainberg*: But I would continue to challenge your right to order that property sold under the constitutionality of the statute.

(N.T., June 30, 1976, p. 31).

We hold that these statements raised the issue with sufficient specificity in a proceeding in the Family Division to provide the trial court with an opportunity to consider the merits of the argument. In addition, the issue was included in petitioner's arguments before the Superior Court.

■ The respondent next contends that petitioner's failure to notify the Attorney General of the Commonwealth of a constitutional challenge to an Act of Assembly in a proceeding in which the Commonwealth is not a party in violation of Pa.R.C.P. 235(a)[4] pretermits our consideration of petitioner's constitutional claims. The rule requires "prompt" notification of the Attorney General. Under the circumstances of

4. (a) In any proceeding in a court subject to these rules in which an Act of Assembly is alleged to be unconstitutional and the Commonwealth is not a party, the party raising the question of constitutionality shall promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and shall file proof of the giving of the notice. The Attorney General may intervene as a party or may be heard without the necessity of intervention. The court in its discretion may stay the proceedings pending the giving of the notice and a reasonable opportunity to the Attorney General to respond thereto. If the circumstances of the case require the court may proceed without prior notice in which event notice shall be given as soon as possible; or the court may proceed without waiting action by the Attorney General in response to a notice.

this case in which the court below proceeded forthwith to the adjudication and disposition of the case without addressing itself to the constitutional questions presented by petitioner and where the Attorney General was duly notified of petitioner's claims on appeal of the matter to the Superior Court and to this Court, and neither sought to intervene in this matter nor to raise the issue of lack of prompt notification as a reason for his decision not to intervene, we cannot accept this as a basis for refusing to consider the same.[5]

■ Respondent also contends that this appeal has been mooted in view of the sale of the real property at a sheriff's sale because of a mortgage foreclosure before the domicile could be sold in accordance with the directive of the Family Court pursuant to § 137. This involuntary sale produced a fund in excess of $4,000.00 due and owing to the parties, which is presently being held by the Sheriff pending final order by the lower court. Normally each party would be entitled to one-half. However, as a result of the court-ordered reduction of support arrearages to judgment and the accompanying execution process remedies statutorily provided to wives and not to husbands,[6] petitioner's claim to any portion of these funds remains adversely affected absent a favorable adjudication of the constitutional claims pending in the instant case. The survival of petitioner's direct pecuniary interest in the disposition of this case, despite the sale of the domicile at mortgage foreclosure, precludes a determination of mootness. See *Richards v. Jones*, 338 Pa. 132, 13 A.2d 59 (1940).

Respondent further contends that this appeal should be dismissed without further consideration because petitioner stands in flagrant defiance of an order of the court. It is sufficient to note that the quashing of an appeal on this ground is predicated on a line of cases in which the appellant

5. We need not discuss whether a party to a proceeding other than the Attorney General has standing to invoke Pa.R.C.P. 235 to bar an appeal on a constitutional issue since the matter was not argued by the petitioner.

6. See text of statutes reprinted *supra* at footnotes 1 and 2.

had been adjudicated in contempt of the trial court, and there had been a refusal by the appellant to purge himself of that contempt.[7] Since that circumstance is not present in the case at bar, respondent's contention is without merit.

■ Respondent also challenges petitioner's standing to assert the unconstitutionality of 48 P.S. § 132 and § 137, which afford wives but not husbands *in rem* support remedies, because he did not seek to avail himself of those remedies. It is thus argued that the only proper plaintiff would be a husband who requested *in rem* enforcement of support payments and not one who merely objected to the *in rem* enforcement of such claims at the wife's behest. This argument cannot be squared with the meaning of Pennsylvania's Equal Rights Amendment. Here, the husband is claiming that the challenged statute burdens or disadvantages him because of his sex. The Equal Rights Amendment reaches enactments which impose different burdens as well as different benefits upon individuals based on the fact that they may be a man or woman. *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974). Accordingly, petitioner has standing to challenge the imposition of a burden on husbands but not on wives in support proceedings. *See Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102 at 1107–1108, 59 L.Ed.2d 506 (1979).

■ Turning to the merits of petitioner's claim, we have held that: "Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability." *Conway v. Dana*, 456 Pa. 536, 540, 318 A.2d 324, 326 (1974). We have also held, when confronted with a statute which allowed for payment of alimony *pendente lite*, counsel fees and expenses to the wife in a divorce action but not to the husband, that

7. *Commonwealth, ex rel. Goodwin v. Goodwin*, 413 Pa. 551, 198 A.2d 503 (1964); *Commonwealth v. Feingold*, 240 Pa.Super. 262, 263 n. 1, 360 A.2d 692, 693 n. 1 (1976); *Commonwealth, ex rel. Beemer v. Beemer*, 200 Pa.Super. 103, 188 A.2d 457 (1962).

"the right of support depends not upon the sex of the petitioner but rather upon need in view of the relative financial circumstances of the parties." *Henderson v. Henderson*, 458 Pa. at 101, 327 A.2d at 62. If a rule of law or statute differentiating as to support rights based on the sex of the claimant cannot stand under the Equal Rights Amendment, it must follow that *in rem* remedies to enforce these support rights which are available to the wife and not to the husband under 48 P.S. §§ 132 and 137 are equally infirm under our constitution.

We must now determine whether the appropriate response to the declaration of the constitutional validity of the statute is to nullify the statute or to widen the statute by extending its benefits to the previously excluded group. Note, The Effect of an Unconstitutional Exception Clause upon the Remainder of a Statute, 55 Harv.L.Rev. 1030 (1942). In so doing, we must bear in mind the legislative purposes evidenced by the statute, the overall statutory scheme, statutory arrangements in connected fields and the impact on public need in determining the appropriate judicial response to an unconstitutionally underinclusive statute[8] as well as our authority to make sensible and practical adjustments in conforming current laws to the requirements of the constitutional mandate.[9] In so doing, we find instructive cases dealing with discrimination against specified classes of individuals which have resulted in the extension of benefits to the previously excluded group.[10] In *Sweatt v. Painter*[11] and *Brown v. Board of Education*[12] black students

8. Beck, *Equal Rights Amendment: The Pennsylvania Experience*, 81 Dick L.Rev. 395 at 409 (1976)

9. Brown, Emerson, Falk and Freedman, *The Equal Rights Amendment: A Constitutional Basis for Equal Rights for Women*, 80 Yale L.J. 871 at 912–920 (1971).

10. Ibid. at 918–919.

11. 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114 (1950).

12. 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).

were extended the same right of access to educational institutions as that accorded white students. In *Levy v. Louisiana*,[13] the right to recover wrongful death benefits was extended to illegitimate children. In *Califano v. Westcott*,[14] the proper remedy for unconstitutional statutory underinclusion of benefits to families whose dependent children are needy because of the father's, but not the mother's, unemployment was held to be extension of benefits to all qualifying children rather than invalidation of all benefits.

This extension is in accord with administrative interpretations of the Amendment. 1 Pa.C.S. § 1921(c)(8). Thus, the Commonwealth's Attorney General construed the Equal Rights Amendment to have extended to cosmetologists the privilege to treat men's hair. 1971 Ops.A.G.Pa. No. 69. Another opinion interpreted the Amendment to extend to female parole officers authority to supervise male parolees. 1972 Ops.A.G.Pa. No. 150. In both circumstances, the language of the pertinent statute was restrictive as to gender (*see* Beauty Culture Act, 63 P.S. § 507; 61 P.S. § 331.28) but it was determined that those persons disfavored by the inequality should receive the benefits enjoyed by those persons favored by the inequality.[15]

It should also be noted that adoption of the position urged by the petitioner would result in frustrating the statutory purpose of widening the range of remedies available in support proceedings as well as the effectuation through the Equal Rights Amendment of the equal responsibility of both parents to support their children in accordance with their capacity and ability. *Conway v. Dana, supra* 1 Pa.C.S. § 1921 (c)(1), (2), (3), (4), (6). We need not consider whether petitioner's argument against extension of the coverage of

13. 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

14. 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979).

15. *See, generally,* Harzenski and Weckesser, The Case for a Strict Standard for Gender Based Classification Schemes, Temple Law Review, forthcoming.

the statute would be well taken if the discrimination were part of a criminal enactment. *See McLaughlin v. Florida*, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

Our conclusion that the appropriate disposition of the instant case is to equalize the application of the statutes in question rather than to nullify them is bolstered by 1 Pa.C. S.A. § 2301 (1979 Pamphlet) which evidences legislative disfavor of the judicial practice of nullification rather than equalization of statutes found repugnant to the Equal Rights Amendment:

> (a) General Rule.—In recognition of the adoption of section 28 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that where in any statute heretofore enacted there is a designation restricted to a single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this Commonwealth because of the sex of the individual.

In view of this enactment as well as the presumptions that the General Assembly intends the entire statute to be effective and valid and that the General Assembly does not intend to violate the Constitution of this Commonwealth, 1 Pa.C.S. § 1922(2), (3), it is our view that the statute in question should be read to provide for reciprocity of remedy by spouses seeking to effectuate support orders.

Accordingly, the order of the Court of Common Pleas of Philadelphia County, as modified by this opinion, is affirmed.

ROBERTS, J., filed a concurring opinion in which LARSEN, J., joins.

O'BRIEN and MANDERINO, JJ., concurred in the result.

EAGEN, C. J., filed a dissenting opinion.

 

ROBERTS, Justice, concurring.

Although I agree with the majority that the order of the court of common pleas should be affirmed, I reach this result on different and non-constitutional grounds.

The majority holds that the two remedial statutes in question violate the Equal Rights Amendment to the Pennsylvania Constitution, Art. 1, Sec. 28. Accordingly, the majority expands the statutes to provide remedies for husbands as well as for wives.

In my view, 1 Pa.C.S.A. § 2301 is dispositive of appellant's claim. Section 2301 provides:

> "(a) General Rule.—In recognition of the adoption of section 28 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that where in any statute heretofore enacted there is a designation restricted to a single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this Commonwealth because of the sex of the individual."

In light of 1 Pa.C.S.A. § 2301 and the judicial preference for interpreting legislative enactments so as to avoid a constitutional question wherever possible, *Mt. Lebanon v. County Board of Election*, 470 Pa. 317, 322, 368 A.2d 648, 650 (1977), I believe that resolving this case on statutory grounds rather than on constitutional grounds, as the majority does, is jurisprudentially correct.

LARSEN, J., joins in this concurring opinion.

EAGEN, Chief Justice, dissenting.

The majority opinion states that a wife may proceed under the Act of May 23, 1907, P.L. 227, *as amended*, 48 P.S. § 132 [hereinafter cited as the Act of 1907], only if the husband has separated himself from his wife or children without reasonable cause and has neglected or has refused

to support his family. *Commonwealth ex rel. Stein v. Stein,* 487 Pa. at 1, 4–5 n. 1, 406 A.2d 1381, 1382–1383 n. 1. Yet, the majority has reached the merits of the case even though the parties resided in the same household when this action was instituted. The majority reasons that since appellant failed to raise any objection concerning this defect under the Act of 1907, the issue has been waived under Pa.R.A.P. 302(a). I cannot agree.

In *Brenner v. Sukenik,* 410 Pa. 324, 328, 189 A.2d 246, 248 (1963), this Court held that the separation of spouses was basic to subject matter jurisdiction under the Act of 1907 and that the failure to enter a proper objection to jurisdiction was immaterial. *Accord, Drummond v. Drummond,* 414 Pa. 548, 550–51, 200 A.2d 887, 888 (1964). Furthermore, it is well settled that subject matter jurisdiction cannot be conferred by estoppel, consent, or waiver. *See Drummond v. Drummond, supra; Brenner v. Sukenik, supra; Leveto v. National Fuel Gas Distribution Corp.,* 243 Pa.Super. 510, 515, 366 A.2d 270, 273 (1976); 9 Standard Pennsylvania Practice § 48 (rev.ed.1962).* Accordingly, the failure to raise the lack of separation of spouses in the lower court did not confer subject matter jurisdiction and, therefore, the merits of this case should not have been reached. The Court's analysis of jurisdiction in *Commonwealth v. Ryan,* 459 Pa. 148, 157, 327 A.2d 351, 355–56 (1974) is applicable here: "Where matters of jurisdiction are concerned, the courts must enforce the letter of the law. 'No emergency, real or feared, and no alleged hardship to a complaining party, however great, can justify a court's entertaining and passing upon a subject matter which is not within its jurisdictional competence.'" (Citations omitted.)

I respectfully dissent.

---

* The cases cited by the majority do not concern failures to raise objections to subject matter jurisdiction. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974) concerns the waiver of a jury instruction issue. *Matthew-Landis Co. v. Housing Authority,* 240 Pa.Super. 541, 361 A.2d 742 (1976) concerns the failure to raise a non-jurisdictional statutory defense in a lower court.