433 A.2d 511

**COMMONWEALTH of Pennsylvania**

v.

**Larry Eugene WRIGHT, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Aug. 7, 1981.

Petition for Allowance of Appeal Denied Jan. 11, 1982.

Ellen M. Burgraff, Assistant Public Defender, Carlisle, for appellant.

J. Michael Eakin, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Larry E. Wright, Sr. was tried non-jury and was found guilty of willful non-support of his minor son. Post-trial motions were denied, and Wright was sentenced to prison for not less than six nor more than twelve months. On appeal, he contends (1) that the evidence was insufficient to support a finding of "willful" non-support; (2) that a court officer's destruction of his notes of appellant's oral statements precluded his testifying to his recollection of such statements; and (3) that the statute is violative of the Equal Rights Amendment of the Pennsylvania Constitution.

Section 4321(a) of the Crimes Code of December 6, 1972, 18 Pa.C.S.A. § 4321(a) provides: "A person is guilty of a misdemeanor of the third degree if he, being a husband or father, . . . willfully neglects to maintain his wife or children, . . . such wife or children being destitute, or being dependent wholly or in part on their earnings for adequate support."

 When the word "willful" was used in a similar context in the Civil Procedural Support Law,[1] the Supreme Court held that it meant "an intentional, designed act and one without justifiable excuse." *Commonwealth ex rel. Wright v. Hendrick*, 455 Pa. 36, 40, 312 A.2d 402, 404 (1973). To demonstrate that a failure to support a child was willful, therefore, the evidence must show directly or circumstantially that the parent acted with the conscious object of withholding maintenance or support. See: 18 Pa.C.S.A. § 302(b)(1)(i). It is insufficient to constitute a violation that a parent was unable, through no fault of his own, to contribute to the support of a child. *Commonwealth ex rel. Wright v. Hendrick*, supra.

 In evaluating the sufficiency of the evidence, we must view the evidence in the light most favorable to the

---

1. Act of July 13, 1953, P.L. 431, as amended, 62 P.S. §§ 2043.31 et seq., repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2 (Judiciary Act Repealer Act). Current provisions were established by § 10(88) of the Judiciary Act Repealer Act and are presently found in 42 Pa.C.S.A. §§ 6701 et seq.

Commonwealth, as verdict winner, and draw all reasonable inferences therefrom. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976); *Commonwealth v. Alston*, 269 Pa.Super. 573, 410 A.2d 849 (1979). When the evidence in the instant case is viewed in this manner, the following facts appear. On October 16, 1972, appellant was ordered by the Court of Common Pleas of Cumberland County to pay ten ($10.00) dollars per week for the support of a son who was in the custody of his maternal grandmother. From January 1, 1979 until October 26, 1979, appellant paid only fifty ($50.00) dollars on account of that order. From January 29, 1979 to February 27, 1979, the period in which those payments were made, appellant was employed by Valk Manufacturing Company.[2] This employment was terminated when appellant voluntarily stopped reporting to work. Shortly thereafter, he took a job at Hafer's Ice and Cold Storage in Chambersburg, where he worked until November 7, 1979. During this period of time, no payments were made on account of the support order, and no contributions were otherwise made by appellant to or for the support of his son.

This was sufficient to enable the fact finder to infer a willful refusal by appellant to support his son. A state of mind by its very nature is subjective; a person's mind cannot be opened so that his or her intent can be observed. In the absence of a declaration disclosing a person's intent, therefore, one "can only look to the conduct and the circumstances surrounding it to determine the mental state which occasioned it." *Commonwealth v. O'Searo*, 466 Pa. 224, 238, 352 A.2d 30, 37 (1976).

The trial court's finding that appellant had been employed by Hafer's during the period following his voluntary termination of employment in February until November 7, 1979, was based upon an admission made by appellant to John Rinaldi, the Domestic Relations Officer of Cumberland County. This admission was made during an interview

2. This employment had been obtained through the work release program of the Cumberland County Prison.

conducted shortly after appellant's arrest on November 7, 1979. During the interview, Rinaldi made "notes" of the interview which were destroyed after an office memorandum had been prepared. The memorandum was present at trial and available for inspection by defense counsel. Nevertheless, appellant argues that the destruction of the interview notes constituted a suppression of evidence by the Commonwealth and rendered Rinaldi's testimony incompetent. We disagree.

■ It may be conceded, as appellant argues, that defense counsel is entitled for purposes of cross-examination to examine prior written statements of witnesses which are in the possession of the Commonwealth. *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977); *Commonwealth v. Kontos*, 442 Pa. 343, 276 A.2d 830 (1971). The interview notes made by Rinaldi in the instant case, however were not "statements" within the meaning of the rule. They were not verbatim transcripts of the interview, but rough notes which were later incorporated into a memorandum. See: *Commonwealth v. Bellis*, 252 Pa.Super. 15, 32, 380 A.2d 1258, 1266 (1977). The destruction of those preliminary notes did not prevent the witness from using the memorandum to refresh his recollection and testifying thereafter according to his independent recollection. It was the recollection of the witness—not the memorandum used to refresh it—that was the real evidence. *Panik v. Didra*, 370 Pa. 488, 88 A.2d 730 (1952); *Lardieri v. Lamont*, 172 Pa.Super. 35, 92 A.2d 229 (1952). That testimony was not rendered incompetent by the destruction of the preliminary, rough notes of the conversation during which appellant's admissions were made. The destruction of the notes was relevant only to attack the credibility of the witness.

■ Finally, appellant urges that the statute which makes criminal a father or husband's willful neglect to support a child or wife is unconstitutional because it violates the Equal Rights Amendment of the Pennsylvania Constitution, Art. 1, Sec. 28. This argument must be decided against appellant. The Act of October 4, 1978, P.L. 909, No. 173, § 1, 1 Pa.C.S.A. § 2301(a) provides:

"In recognition of the adoption of section 28 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that where in any statute heretofore enacted there is a designation restricted to a single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this Commonwealth because of the sex of the individual."

This is dispositive. See: *George v. George*, 487 Pa. 133, 409 A.2d 1 (1979); *Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979). Thus, Section 4321(a) of the Crimes Code, 18 Pa.C.S.A. § 4321(a), must be construed as imposing upon both parents a duty to support their children and making it equally criminal for either parent to neglect willfully to do so.

The judgment of sentence is affirmed.