646 A.2d 61

# In re PETITION TO INCREASE MILLAGE LIMIT LEVIED ON REAL ESTATE FROM 25 MILLS TO 30 MILLS,

Jay Campbell, Earl Mumma, and Sandra Philpott, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 11, 1994.

Decided July 20, 1994.

Jerry A. Philpott, for appellants.

William R. Bunt, for appellees.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

SMITH, Judge.

Jay Campbell, Earl Mumma and Sandra Philpott (Taxpayers) appeal from an order of the Court of Common Pleas of Perry County granting the Perry County Board of Commissioners' petition seeking authorization to exceed the tax limitation for 1994 provided in Section 1770 of The County Code

(County Code), Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. 1770. The questions presented on appeal are whether Section 1770 unconstitutionally delegated taxing power to the judiciary in violation of the separation of powers doctrine or constitutes an unduly vague and standardless delegation of power which affords the judiciary too much discretion; whether Section 1770 can be saved by reading a sufficient standard into the words "due cause"; and whether the Taxpayers waived their constitutional claims by failing to notify the attorney general of those claims.

Section 1770 of the County Code permits County Commissioners to apply to the common pleas court for permission to increase the millage rate on real estate above the statutory cap of twenty-five mills. Specifically, the statute provides in relevant part:

> No tax shall be levied on personal property taxable for county purposes where the rate of taxation thereon is fixed by law other than at the rate so fixed. The county commissioners shall fix, by resolution, the rate of taxation for each year. No tax for general county purposes in counties of the third, fourth, fifth, sixth, seventh and eighth classes, exclusive of the requirements for the payment of rentals to any municipal authority, shall in any one year exceed the rate of twenty-five mills on every dollar of the adjusted valuation, *unless the county commissioners by majority action shall, upon due cause shown by resolution, petition the court of common pleas, in which case the court may order a rate of not more than five mills additional to be levied....* (Emphasis added.) [1]

1. Similar provisions are also found in Section 1709(a)(one) of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56709(a)(one), which provides that the annual tax for general township purposes shall not exceed thirty mills "unless the board of township commissioners by majority action shall, upon due cause shown by resolution, petition the court of quarter sessions, in which case the court may order a rate of not more than five mills additional to be levied"; and Section 905(A)(1) of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65905(A)(1) which provides that:

On November 22, 1993, the Commissioners of Perry County, a seventh class county, petitioned the trial court for permission to increase the millage limit levied on real estate from twenty-five to thirty mills. The trial court permitted intervention by the Taxpayers who presented no evidence before the court but argued the constitutionality of Section 1770. The trial court rejected the Taxpayers' arguments and granted the petition. On appeal to this Court, the Taxpayers maintain that Section 1770 is unconstitutional under the separation of powers doctrine because it grants unfettered discretion to the judiciary to set the tax rate. In the alternative, the Taxpayers argue that Section 1770 is unconstitutionally vague because it delineates no clear standards to guide the court's discretion. The Commissioners filed a motion to dismiss this appeal alleging that the Taxpayers never notified the attorney general of their constitutional challenge as required by Pa.R.C.P. No. 235 and Pa.R.A.P. 521(a).

## I

A party raising the question of the constitutionality of an act of the legislature must promptly notify the Attorney General of Pennsylvania of the challenge, Pa.R.C.P. No. 235; and Pa.R.A.P. 521(a) requires that similar notice be provided "upon the filing of the record, or as soon thereafter as the question is raised in the appellate court...." The failure to provide such notice will result in a waiver of the party's constitutional claims. *Butler v. Rolling Hill Hosp.*, 382 Pa.Superior Ct. 330, 555 A.2d 205, *appeal denied*, 522 Pa. 623, 564 A.2d 915 (1989). In *Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979), the Supreme Court refused to dismiss constitutional issues based on a party's failure to comply with Rule 235 when the court below proceeded to the adjudication and disposition of the case without addressing the constitutional questions, and although the attorney general

Where the board of supervisors, by a majority action, shall, upon due cause shown, petition the court of quarter sessions for the right to levy additional millage, the court, after such public notice as it may direct and after hearing, may order a greater rate than fourteen mills but not exceeding five additional mills, to be levied.

was notified of the claims on appeal, he did not seek to intervene or raise lack of notice as a reason for his nonintervention.

In the matter sub judice, the Taxpayers did not comply with Rule 235 but complied with Rule 521(a) as they notified the attorney general of their challenge to the constitutionality of Section 1770 by letter dated January 31, 1994. The attorney general's office acknowledged receipt of the Taxpayers' notice by letter dated March 14, 1994 which indicated that if their counsel was not notified of the attorney general's intent to intervene in the matter within thirty days, they could assume that the attorney general would not enter an appearance. The attorney general has not sought intervention in this appeal nor raised the issue of a lack of prompt notice as his reason for not intervening. Under the circumstances presented here, this Court, as in *Stein,* will not pretermit its consideration of the Taxpayers' arguments based upon their failure to comply with Rule 235.[2] The Commissioners' motion shall therefore be denied.

## II

Initially, this Court notes that the constitutional questions raised by the Taxpayers are ones of first impression in this Commonwealth. This Court further observes that a lawfully enacted statute carries a presumption of constitutionality. *Pennsylvania Bar Ass'n v. Pennsylvania Insurance Department,* 147 Pa.Commonwealth Ct. 351, 607 A.2d 850 (1992). A party challenging the constitutionality of enactments of the legislature carries a heavy burden to rebut the strong presumption of constitutionality wherein all doubts are resolved in favor of sustaining the legislation, and the chal-

2. Another consideration is that the trial court disposed of this case within four days of granting intervention to the Taxpayers which did not afford a reasonable opportunity to comply with Rule 235 or for the attorney general, had notice been sent, to decide whether to file a brief or otherwise be heard in the proceeding.

Further, the question of who has standing to raise the issue of waiver due to noncompliance with Rule 235 was not raised by the parties and will not be raised sua sponte by the Court. *See Stein; Lloyd v. Fishinger,* 529 Pa. 513, 605 A.2d 1193 (1992).

lenging party must show that the legislation clearly, plainly and palpably violates the constitution.[3] *Commonwealth v. Blystone,* 519 Pa. 450, 549 A.2d 81 (1988), *aff'd,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990); *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). Where two constructions of an act are possible and one will render the act constitutional while the other will render it unconstitutional, and the meaning of an act is doubtful, the construction which renders the statute constitutional should be adopted. *National Wood Preservers, Inc. v. Department of Environmental Resources,* 489 Pa. 221, 414 A.2d 37 (1980); *Evans v. West Norriton Township Municipal Auth.,* 370 Pa. 150, 87 A.2d 474 (1952).

The separation of powers doctrine divides governmental power into legislative, executive and judicial branches and "has been inherent in the structure of this Commonwealth's government since its inception." *Commonwealth v. Sutley,* 474 Pa. 256, 261, 378 A.2d 780, 782 (1977). *See also Snyder v. Snyder,* 533 Pa. 203, 620 A.2d 1133 (1993). The Supreme Court has recognized however that the three branches are not intended to be "hermetically seal[ed] off" from one another, rather that a degree of interdependence and reciprocity must exist between the branches. *Sutley,* 474 Pa. at 262, 378 A.2d at 783. Moreover, the legislative branch has the right to delegate its power to tax to municipal bodies whose commissioners are elected by the people. *Evans.*

The Taxpayers rely on *Wilson v. Philadelphia Sch. Dist.,* 328 Pa. 225, 195 A. 90 (1937), to support their argument that Section 1770 unlawfully vests a legislative function in the judiciary in violation of the separation of powers doctrine. In *Wilson,* taxpayers sought to enjoin the school board from levying and collecting or attempting to levy and collect taxes for school purposes. The Supreme Court recognized that the power to tax is peculiarly a power of the legislature which

---

**3.** Section 1922(3) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(3), also provides that this Court must presume that the legislature did not intend to violate the constitution. *Biagini v. Workmen's Compensation Appeal Board (Merit Contracting Co.),* 158 Pa.Commonwealth Ct. 648, 632 A.2d 956 (1993).

must be exercised through representatives chosen by the people, and held that the School Code of May 18, 1911, P.L. 390, *as amended,* by the Act of March 12, 1929, P.L. 20, was unconstitutional because it delegated to an appointed body an unlimited power to tax.

■ This Court agrees with the Taxpayers that a legislature's delegation to the judiciary of the power to tax would be unconstitutional, *Wilson;* however, Section 1770 does not grant the judiciary the power to tax. While the Section provides the court with the authority to review county commissioners' petitions for permission to levy additional taxes, it in no way vests the authority to levy the tax in the judiciary. As the trial judge appreciated, a statute authorizing the Commissioners to levy an additional tax upon securing approval from the trial court is not tantamount to the trial court levying the tax; and "the clear language of the statute leaves the decision of whether to levy the additional millage in the hands of the Board of Commissioners." [4] Trial Court Opinion, p. 2. Although the trial court authorized the Commissioners to levy up to 30 mills for the 1994 tax year, the Commissioners determined that the full amount authorized was not needed and only levied 27 mills.

■ Equally without merit is the Taxpayers' argument that Section 1770 is vague because it does not delineate any clear standard to guide the court's discretion. It is well settled that the legislature is not required to precisely or separately enumerate in a statute all details needed to administer a law. *Belovsky v. Redevelopment Auth. of Philadelphia,* 357 Pa. 329, 54 A.2d 277 (1947); *In the Matter of Revocation of Restaurant Liquor License No. R–12122,* 78 Pa.Commonwealth Ct. 159, 467 A.2d 85 (1983). The language of the statute as a whole, its underlying purpose and reasonable effect should be considered

---

4. *Accord Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) (the authority to determine whether a tax is "excessive or unreasonable" does not involve a grant of the power to tax); *Pittsburgh & Allegheny Telephone Co v. Braddock Borough,* 43 Pa.Superior Ct. 456 (1910) (the authority to review municipal license fees to determine whether they were reasonable does not constitute an unconstitutional delegation of legislative power to the courts).

in determining whether adequate standards have been provided by the legislature.[5] *Belovsky; Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975); *Restaurant Liquor License No. R–12122.*

In *Petition of City of Clairton*, 139 Pa.Commonwealth Ct. 354, 590 A.2d 838 (1991), this Court set forth the standard to be used in determining whether a court should grant a municipality's petition to raise the general purpose earned income tax pursuant to the Municipalities Financial Recovery Act (Recovery Act), Act of July 10, 1987, P.L. 246, *as amended,* 53 P.S. §§ 11701.101–11701.501. Section 123(c) of the Recovery Act, 53 P.S. § 11701.123(c), is similar to Section 1770 of the County Code in that it provides a municipality the right to petition the courts for an increase in the tax rate. This Court noted that "[w]hile the statute gives the trial court the discretion to determine from the record whether due cause exists to warrant additional millage, it does not invite the court to examine the budget itself and review the wisdom of the legislative decision underlying its adoption." *Clairton,* 139 Pa.Commonwealth Ct. at 359, 590 A.2d at 840–41 (citing *Central Pennsylvania Retiree's Association Appeal,* 97 Pa.Commonwealth Ct. 637, 641, 510 A.2d 868, 870 (1986)).

While neither the County Code or its legislative history provide insight into the underlying purpose of Section 1770, the plain language of the section clearly provides discretion in the trial court to determine whether due cause exists to warrant additional millage without giving the court authority to review the wisdom of the underlying legislative decision and calling into question the role of the court as it relates to the

**5.** In *Wm. Penn Parking Garage, Inc.,* the Supreme Court explained that many standards in the law are no more definite than that of "reasonableness," and held that the standard "excessive or unreasonable" was adequate to "guide the conduct of private actors and to provide a standard for judging that conduct." 464 Pa. at 214, 346 A.2d at 292. The term "due" is defined as "[j]ust; proper; regular; lawful; sufficient; reasonable, as in the phrases 'due care,' 'due process of law,' 'due notice.'" Black's Law Dictionary, 448 (5th ed. 1979). Therefore the phrase "due cause" or "reasonable cause" adequately provides county commissioners and trial courts guidance with respect to their conduct and the standard for judging that conduct.

actual levy of the tax. The provisions of Section 1770 demonstrate an intention by the legislature that the county commissioners are to establish due cause for their request for permission to levy additional taxes, and the due cause standard is sufficiently specific to adequately guide the trial court in deciding the Commissioners' request for permission to levy additional taxes. Because the Taxpayers have failed to rebut the presumption of the constitutional validity attached to Section 1770, the order of the trial court is affirmed.

## ORDER

AND NOW, this 20th day of July, 1994, the motion to dismiss filed by the Perry County Board of Commissioners is denied, and the order of the Court of Common Pleas of Perry County is hereby affirmed.