Rockingham,  
Nov. 5, 1952. } No. 4140.

HAROLD E. DiPIETRO, *Adm'r v.* ROMEO LAVIGNE *& a.*

*William H. Sleeper, Robert Shaw, Wayne J. Mullavey* and *Joel Eastman (Mr. Mullavey* orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

BLANDIN, J.   The main issue here is whether there is evidence in the record before us to support a plaintiff's verdict.   This presents a problem which must be treated under our practice as one of law but which actually involves a difficult and troublesome question of fact.   As is so often true, the legal test here is the simple one of deciding whether reasonable men could find in this case that the defendants' negligence caused or helped to cause this accident.   The difficulty comes in applying this principle to the comparatively meager facts which the record discloses.   It does not appear whether the driver of the truck was available at the trial or whether there were other eye witnesses, but in any event no such testimony was presented either orally or by deposition, nor do we find any explanation for its absence.   We have then a situation where two vehicles, traveling at unknown speeds and otherwise operated in an unknown manner, were found after an accident, each on its own side of the way, with no brake marks or other tracks on the traveled way such as often appear as a guide to show where they came together on the road, and no one to tell what really happened.   There is no direct evidence as to what either

driver did or could have done to cause or to avoid this disaster. The possibilities as to what either may have done are almost limitless, but the probabilities as to what they actually did are left to the imagination. The plaintiff argues that the truck tracks entered the snowbank from the road at an angle of forty-five degrees or even sharper, and therefore the truck must have been on the wrong side of the way before it turned. Not only do the plaintiff's picture exhibits fail to support this claim, but there is no way of knowing whether, assuming the truck did get on its left side of the center, it was there before the accident or was jerked to the left afterward by the impact on its left front corner before striking the bank in an effort to regain its course. It also seems at least as likely that the debris and pieces of the automobile were hurled along with the car to the south side of the road by the collision with the much heavier truck, as that they dropped at the exact point of contact as claimed by the plaintiff. It has long been established that a lawsuit is an inquiry to discover the truth and that a jury shall decide the facts which make up this truth. It is also well settled that their determination cannot rest on guess work or imagination. *Dunham* v. *Stone,* 96 N. H. 138, 139, and cases cited. Nor can a plaintiff's verdict be sustained where it is equally probable that the injury may be due to causes for which the defendant is not responsible. *Ahern* v. *Company,* 88 N. H. 287, 291, and authorities cited. On the contrary, it must be based on evidence sufficient to give reasonable men a belief that the finding they make is probably true. We do not believe the plaintiff has produced sufficient evidence here to so convince such men and the exception to the nonsuit is overruled.

The plaintiff's final contention is that the Court erred in refusing to admit the testimony of certain lay experts. It seems sufficient to say that this presents no question for our court and the fact that similar evidence has been allowed on occasion is immaterial. *Roy* v. *Levy,* 97 N. H. 36, 37.

It follows the order is

*Judgment for the defendant.*

DUNCAN, J., concurred in the result: the others concurred.