134

Belknap
No. 86-510

PATRICIA A. MARTIN

v.

WENTWORTH–DOUGLASS HOSPITAL

December 4, 1987

*Wescott, Millham & Dyer*, of Laconia (*Gary P. Westergren* on the brief and orally), for the plaintiff.

*McDonough & O'Shaughnessy P.A.*, of Manchester (*William A. Grimes* and *Robert G. Whaland* on the brief, and *Mr. Whaland* orally), for the defendant.

SOUTER, J.  In this action for negligence in drawing blood for laboratory testing, the plaintiff appeals from an order of the Superior Court (*Hollman*, J.) granting the defendant's motion for nonsuit at the close of the plaintiff's case. We affirm.

In February, 1982, a lay technician known as a phlebotomist, employed by the defendant, Wentworth-Douglass Hospital in Dover, drew a sample of blood from the right arm of the plaintiff, Patricia A. Martin. In the course of the venipuncture procedure the

plaintiff suffered an injury to her arm's lateral antebrachial cutaneous nerve, for which she seeks compensation from the hospital on the basis of three acts of omission said to constitute negligence: the hospital's failure to train the phlebotomist adequately; the hospital's failure to provide an appropriate chair for the plaintiff to use as the blood was drawn; and, on the theory of vicarious liability, the failure of the phlebotomist to exercise due care in performing the procedure.

At trial, the plaintiff produced no independent medical expert witness to provide evidence of negligence and of a causal relationship between the negligence claimed and the plaintiff's injury. She relied, rather, on the testimony of defense experts and on a statement allegedly made to her by the defendant's laboratory director, Dr. Paul Young, that "I guess we really hit a nerve in your arm, and we'll accept responsibility for what was done."

The trial judge responded to the motion for nonsuit with a careful analysis of the record, in which he found no evidence that the chair was defective and no expert testimony indicating that the phlebotomist had been negligent in extracting the blood. Nor did he find that the hospital had been negligent in training the phlebotomist or that any assumed inadequacy in training had caused the injury.

In this appeal from the ensuing nonsuit, the plaintiff argues that there was adequate evidence that defendant's use of a defective chair for the plaintiff during the procedure was causally negligent, and that Dr. Young's statement was an admission of causal negligence sufficient to take the case to the jury on the theories of negligent training and negligent performance of the procedure.

We see no basis for seriously arguing that the trial court erred in declaring a nonsuit on the negligent equipment claim. Although the plaintiff presented testimony on the need for proper equipment, the trial judge found that there was no evidence of any inadequacy of the chair actually used, and the plaintiff has cited nothing in the record to the contrary.

We will, however, assume that there was prima facie evidence of negligence in training, inferable from a defense expert's testimony that a phlebotomist should be taught about the location of nerves and from the phlebotomist's admission that she had received no such instruction. That leaves the question whether the trial court could have found that there was no evidence to establish a causal link between any such negligence and the injury. In light of the realistic concession made by plaintiff's counsel at oral argument, that without Dr. Young's statement there was no expert opinion

evidence to establish the causal link, the appeal turns on whether Dr. Young's remark was sufficient evidence to go to the jury on the issue of negligent, as distinguished from merely physical, causation.

■■  The standards for assessing the adequacy of evidence on this point are commonplace. Since any inference of the requisite causal link must depend on observation and anaylsis outside the common experience of jurors, *see April v. Peront*, 88 N.H. 309, 311–12, 188 A.2d 457, 459 (1936), this case falls within the general rule, that proximate causation between negligence and injury in a medical malpractice case must be established by expert testimony. *Carson v. Maurer*, 120 N.H. 925, 934, 424 A.2d 825, 832 (1980). On the issue of negligent causation, therefore, some expert opinion was necessary to establish that inadequate training or a want of due care in performing the venipuncture caused or contributed to the cause of the injury. *Murray v. Boston & Maine R.R.*, 107 N.H. 367, 374, 224 A.2d 66, 72 (1966). The quantum of such evidence necessary to survive a motion for nonsuit had to be enough to warrant the conclusion of a reasonable juror that the causal link probably existed. *See DiPietro v. Lavigne*, 97 N.H. 474, 476, 92 A.2d 914, 916 (1952); *Allison v. Railroad*, 88 N.H. 420, 422, 190 A. 127, 128 (1937) (mere scintilla of evidence inadequate to survive motion for nonsuit); *see also Faust v. General Motors Corp.*, 117 N.H. 679, 685, 377 A.2d 885, 888 (1977) (scintilla of evidence insufficient to satisfy burden of evidentiary production).

■  The application of these standards is likewise straightforward. Assuming that Dr. Young's statement was within the scope of his authority to speak and act for the hospital, it was reasonable, certainly, for the trial judge to find that the plaintiff's burden was unsatisfied because the remark fell short of admitting a causal link between negligence and injury. We will concede to the plaintiff that the doctor's acceptance of "responsibility" was at least an undertaking to provide or pay for medical treatment, and we read that undertaking as predicated on the admission of a causal link between the physical act of venipuncture and the injury in question. Any attempt to discover further significance in the doctor's words, however, would take us outside the realm of legitimate inference. An admission of physical causation is not an admission of negligence, or of a causal connection between negligence and injury, and to read Dr. Young's statement as an admission of causal negligence would be an exercise in speculation. Because a reasonable juror could not infer from Dr. Young's statement that

negligence had probably caused the plaintiff's injury, the nonsuit was required.

*Affirmed.*

All concurred.