482 A.2d 997

COMMONWEALTH of Pennsylvania

v.

Girard BELLINI, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 23, 1983.

Filed Sept. 28, 1984.

528

Louise Porac, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH,[1] BROSKY and MONTEMURO, JJ.

## OPINION

MONTEMURO, Judge:

This is an appeal from a judgment of sentence. The appellant, Girard Bellini, was tried in the Court of Common Pleas of Allegheny County before the Honorable Henry R. Smith, Jr., and a jury. The appellant had been charged with violating 75 Pa.C.S. § 3742 (Accidents involving death or personal injury) and 75 Pa.C.S. § 3733 (Fleeing or attempting to elude police officer). The first charge, a misdemeanor, was submitted to the jury which returned a verdict of not guilty. The trial judge then dismissed the jury and found the appellant guilty of the second charge; which was

1. This case was argued prior to Judge Spaeth becoming President Judge.

a summary offense. Post verdict motions were denied by the trial court and the appellant was fined twenty-five ($25.00) dollars and ten ($10.00) dollars costs. This appeal followed.

The appellant asserts that: the trial court erred in denying his demurrer; the verdict was against the weight of the evidence; the trial court erred in not submitting the summary offense to the jury;[2] and that the appellant cannot be guilty of eluding police when the officer in pursuit was in an unmarked vehicle in a jurisdiction other than his own.[3]

The facts relevant to the present appeal are as follows. On November 18, 1978, at approximately 3:00 A.M., the appellant was proceeding west in the left hand lane of Connor Road, a four lane road in Mt. Lebanon. He was driving his father's vehicle, a 1975 Chevrolet Camaro. Another vehicle, driven by David J. Motor, was also proceeding west in the right hand lane when he suddenly swerved into the left lane and collided with appellant's vehicle. Motor's vehicle went out of control and struck a telephone pole—severing the pole and bringing down high tension wires which landed on the vehicle. The accident occurred approximately two hundred (200) feet from the intersection of Connor Road and Route 19.

When the electrical wires cascaded down upon Motor's vehicle, sparks flared all over the highway and it was virtually impossible to approach. The entire scene was viewed by Upper St. Clair Police Officer Dan Bryson, who was stopped at a traffic light on Route 19 where it intersected Connor Road. Officer Bryson immediately radioed the Mt. Lebanon police and rescue authorities. He then made a right turn and proceeded toward the accident scene.

2. This issue is waived because the appellant raised no objection to the procedure at the time of trial. Pa.R.Crim.P. 1123(a).

3. This final issue was not raised in appellant's post-verdict motions and is consequently waived. Pa.R.Crim.P. 1123. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

When the accident occurred, the appellant's vehicle stalled out and was stopped on Connor Road. Appellant testified that he realized from the seriousness of the accident, that he would be unable to aid Motor, so he resolved to alert the authorities by the nearest phone. He restarted the vehicle and continued to proceed west, passing Officer Bryson's vehicle. Although the testimony is not clear at exactly what point the two vehicles passed, the officer testified that he executed a U-Turn about fifty feet from the accident scene and then engaged his flashing lights and siren to signal appellant to stop his vehicle.

The appellant made a left turn onto Route 19, and in doing so, proceeded through a red traffic signal. A witness, Thomas Weinheimer, who was stopped at the traffic signal at Connor Road and Route 19, testified that appellant had already made the left turn onto Route 19 when Officer Bryson engaged his lights and siren.

Officer Bryson followed the appellant south on Route 19. The appellant was traveling at a *high* rate of speed and the officer lost sight of him for approximately five (5) seconds as appellant's vehicle went over the crest of a hill. Officer Bryson testified that at a point either one mile from the accident scene or one-half mile from the intersection of Connor Road and Route 19 (we recognize that these distances are inconsistent), appellant turned right into the parking lot of a small shopping mall. As the officer drove up, the appellant's car was turned off and he had exited the driver's side door.

The appellant asserted that, after seeing the accident, he was proceeding to a telephone to call the proper authorities. (This testimony was apparently believed by the jury). The appellant worked at a bar called the Living Room on Route 19 and he knew that there was a public telephone in the parking lot. It was in this lot that he had stopped. He testified that he never saw the police car as he passed it, nor did he see the flashing lights or hear the siren. Two passengers, Dino Donatelli and Paul Mongelluzzo, both testified that they never saw the lights or heard the siren.

Appellant and Donatelli also testified that the time interval for the trip from the accident scene to the telephone did not exceed thirty seconds (N.T. 86–87, 96). Moreover, Officer Bryson testified that although he was in uniform and wearing a badge, he did not have his hat on and he was in an unmarked police car. He also agreed that there were numerous phone booths in the parking lot where the appellant stopped and that it was possible that appellant pointed out the phone booth to him.

■ Initially, the appellant claims the trial court erred in denying his demurrer. We note that the appellant put on a defense and thus has waived this issue. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

■ Appellant next contends that the verdict of the court was against the weight of the evidence. As this court stated in *Commonwealth v. Laing*, 310 Pa.Super. 105, 456 A.2d 204 (1983):

> Appellant's second claim is that a new trial should have been awarded because the verdict was against the weight of the evidence. Such a determination is generally committed to the discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Starks*, 298 Pa.Super. 213, 215, 444 A.2d 736, 738 (1982); *Commonwealth v. Rodriguez*, 291 Pa.Super. 239, 243 n. 3, 435 A.2d 888, 890 n. 3 (1981); *Commonwealth v. Larew*, 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981). A court will grant a new trial on the ground that the verdict was against the weight of the evidence only where it 'appear[s] from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may be given another opportunity to prevail.' *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981).

*Id.*, 310 Pa.Superior Ct. at 110, 456 A.2d at 207. *See also, Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982). If "[i]n reaching a conclusion, the law is overridden

or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error." *Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 125 (1981); *Commonwealth v. One 1961 Buick Special 4-Door Sedan,* 204 Pa.Super. 293, 295, 204 A.2d 288, 289 (1964); *Adelman v. John McShain, Inc.,* 148 Pa.Super. 138, 24 A.2d 703 (1942).

The offense of fleeing or attempting to elude a police officer is defined at 75 Pa.C.S. § 3733(a):

"(a) *Offense defined.*—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, is guilty of a summary offense . . ."

Herein there is evidence that appellant was driving a motor vehicle; that he was signaled to stop—both audibly and visually, by a pursuing police vehicle, and that he did not immediately stop. The only dispute is whether the appellant's failure to stop was willful. An action is willful if it is done knowingly. 18 Pa.C.S. § 302(g). "A person acts knowingly with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or the attendent circumstances, he is aware that his conduct is of that nature or that such circumstances exist ..." 18 Pa.C.S. § 302(b)(2). The actor's willfulness can be demonstrated directly or circumstantially. *Commonwealth v. Wright,* 289 Pa.Super. 399, 433 A.2d 511 (1981).

The appellant contends that his own testimony and the testimony of Donatelli and Mongelluzzo demonstrates that he was not aware of any signal to stop by a police vehicle, and consequently his failure to stop was not willful. He also points out that his testimony was given credence by the jury which acquitted him of the misdemeanor.

As to this latter point raised by the appellant, the jury's verdict is not dispositive, nor does it influence our decision herein.

"An acquittal cannot be interpreted as a specific finding in relation to some of the evidence. As in other cases of this kind, the court looks upon this acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

*Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971); *Commonwealth v. Parrotto*, 189 Pa.Super. 415, 150 A.2d 396 (1959).

The trial judge, in deciding the evidence was sufficient to sustain the conviction, stated:

Officer Bryson testified that, after he turned around, he observed the car leaving the scene and he put on his flashing lights and siren; and that he chased the defendant for approximately one mile to the place where the defendant's car was brought to a stop. Although the defendant testified he did not see the flashing lights or hear the siren, the court found the officer's testimony to be more credible; and inferred that the defendant, with knowledge that he had just been involved in an accident was leaving the scene, with the officer in close chase behind, saw the lights or heard the siren as he was driving from the scene.

Lower Court Opinion at 5. This court's role in assessing such determinations by a trial court is a limited one, as thoroughly stated in *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976):

'On appellate review of a criminal conviction, we will not weigh the evidence and thereby substitute our judgment for that of the finder of fact. *Commonwealth v. Woodhouse*, 401 Pa. 242, 261, 164 A.2d 98 (1960). To do so would require an assessment of the credibility of the testimony and that is clearly not our function. *Commonwealth v. Sullivan*, 436 Pa. 450, 456, 263 A.2d 734 (1970) *cert. denied*, 400 U.S. 882, 91 S.Ct. 127, 27 L.Ed.2d 120; *Commonwealth v. Schuck*, 401 Pa. 222, 228, 164 A.2d 13 (1960), *cert. denied*, 368 U.S. 884, 82 S.Ct. 138, 7 L.Ed.2d

188 (1961).' *Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973).

This concept, however, must be distinguished from an equally fundamental principle that a verdict of guilt may not be based upon surmise or conjecture. *Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973); *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972); *Commonwealth v. McFadden,* 448 Pa. 146, 292 A.2d 358 (1972); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966).

*Id.,* 467 Pa. at 60, 354 A.2d at 550. *See also, Commonwealth v. Pronkoskie, supra* 498 Pa. at 251, 445 A.2d at 1206.

■ We conclude that the trial court's analysis lacks consideration of the unique facts of this case. It is not apparent, for example, whether the court considered the evidence from a Commonwealth witness that appellant had turned onto Route 19 before Officer Bryson engaged his lights and siren, or whether the court considered the time interval when the appellant's car was not in the view of Officer Bryson. The absence of consideration of these facts makes the guilty verdict not a balancing of the evidence, but rather tantamount to surmise or conjecture. We conclude that the court's description of the issues as a credibility question is not accurate inasmuch as the testimony is not in conflict. As such, the resulting verdict is shocking to our judicial conscience and we are convinced that the trial court abused its discretion.[4] Consequently, our only recourse is to vacate the judgment of sentence and remand for a new trial.

Vacated and Remanded. Jurisdiction is not retained.

BROSKY, J., concurs in the result.

4. We further note that the appellant's vehicle was not "brought to a stop", that is stopped by Officer Bryson, but rather had stopped when Officer Bryson caught up to it.