J-S05029-15

**NON-PRECEDENTIAL DECISION-SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBSON JORGE DEPAULA, | : | |
| | : | |
| Appellant | : | No. 1304 WDA 2014 |

Appeal from the Judgment of Sentence Entered June 24, 2014,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CP-02-CR-0001025-2014.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 17, 2015**

Appellant, Robson Jorge Depaula, appeals from the judgment of sentence of two years of probation entered June 24, 2014. For the following reasons, we affirm.

The trial court summarized the relevant factual background of this matter as follows:

> Corporal Christopher Robbins of the Pennsylvania State Police was on traffic patrol on October 6, 2013 on Route 28 near Etna, Pennsylvania.  This area of Route 28 contained a posted speed limit of 45 miles per hour.  At approximately 10:16 p.m., he had just completed a traffic stop of another vehicle and began monitoring traffic with the use of a stationary radar gun.  As he was clocking the speed of vehicles, a motorcycle driving in the right lane of traffic passed by Corporal Robbins['s] stationary position.  Corporal Robbins clocked the speed of the motorcycle at 70 miles per hour. Corporal Robbins noted that the defendant's motorcycle was a "high-performance" motorcycle engineered for high speeds. Corporal Robbins immediately pulled

out after the motorcycle and activated his emergency overhead lights.[1] The lights were extremely bright and they illuminated the various street signs on Route 28 as Corporal Robbins'[s] cruiser approached them. As Corporal Robbins pulled out to begin chase, the defendant's motorcycle moved to the left lane of traffic and accelerated. The defendant's motorcycle pulled away from Corporal Robbins'[s] police cruiser. Corporal Robbins accelerated to speeds exceeding 120 miles per hour but he was still unable to catch the defendant's motorcycle. Although traffic was light, the defendant's motorcycle sped past other vehicles on Route 28. This Court observed the video of the chase and it was clear from the video that there were other vehicles on Route 28 who were passed by both the defendant's motorcycle and Corporal Robbins'[s] cruiser at very high rates of speed. Corporal Robbins continued his efforts to effect a traffic stop but due to the speed of the defendant's motorcycle and the fact that he continued to encounter regular traffic, Corporal Robbins deactivated his overhead lights. He did, however, continue to proceed north on Route 28 at a high rate of speed hoping that the defendant would slow down believing that the pursuit had ended. Corporal Robbins'[s] hunch was correct and he encountered the defendant approximately three miles from where he first attempted to conduct the traffic stop. The defendant did pull over after Corporal Robbins took the necessary steps to conduct the traffic stop. After the defendant was detained, Corporal Robbins learned that the defendant possessed a learner's permit to drive the motorcycle which prohibited him from driving at night. The registration of the motorcycle was also expired.

> [1] Activation of the overhead lights also activated the dashboard video camera that recorded relevant portions of the incident. That video was played at trial and admitted as evidence as Commonwealth's Exhibit I .

Trial Court Opinion, 9/17/14, at 2–3.

On December 17, 2013, Appellant was charged with fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733(a), recklessly endangering another person, 18 Pa.C.S. § 2705, driving an unregistered

vehicle, 75 Pa.C.S. § 1301(a), Learner must be accompanied—at least 18/21 years old, 75 Pa.C.S. § 1505(b)(1), and a maximum speed limit violation, 75 Pa.C.S. § 3362(a)(3)-(25), stemming from the events that occurred on October 6, 2013.

After a nonjury trial on June 24, 2014, Appellant was found guilty of fleeing or attempting to elude an officer and the unregistered vehicle and speeding offenses. On that same date, the trial court sentenced Appellant to two years of probation on the fleeing and eluding conviction and ordered him to pay the costs of prosecution. Additionally, the trial court imposed a fine of $50.00 for the speeding offense.

Appellant filed a post-sentence motion on June 25, 2014, which the trial court denied on July 10, 2014. Appellant filed a timely notice of appeal on August 8, 2014. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues for appellate review:

I. Was the evidence insufficient to prove, beyond a reasonable doubt, that [Appellant] intended to flee or attempted to elude[] a police officer, where the evidence failed to establish that [Appellant] saw Corporal Robbins, and that he had notice of a visual and audible signal to stop?

II. Was the evidence insufficient to prove, beyond a reasonable doubt, that [Appellant] committed the felony enhanced fleeing or eluding a police officer, where the evidence failed to prove that [Appellant] endangered members of the general public, and that the incident involved a high-speed chase?

III. Did the trial court abuse[] its discretion when it denied [Appellant's] post-sentence motion that the verdict was against the weight of the evidence, where the evidence against [Appellant] was based upon surmise and conjecture?

Appellant's Brief at 5.

When confronted with an appellate challenge to the sufficiency of evidence, we assess all of the evidence in the light most favorable to the verdict winner to determine whether the fact-finder, either judge or jury, could have determined that each element of the crime was established beyond a reasonable doubt. *Commonwealth v. Lewis*, 45 A.3d 405, 408 (Pa. Super. 2012). We do not re-weigh evidence or substitute our judgment for that of the fact-finder and the facts and circumstances established need not preclude every possibility of innocence. *Id.* "[T]he Commonwealth may sustain its burden by means of wholly circumstantial evidence, and 'the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.'" *Commonwealth v. Sanchez*, 82 A.3d 943, 967 (Pa. 2013) (quoting *Commonwealth v. Cousar*, 928 A.2d 1025, 1032–1033 (Pa. 2007)). We will disturb the fact finder's conclusions only if the evidence is so weak and inconclusive that no probability of fact may be drawn from that evidence. *Lewis*, 45 A.3d at 408.

Appellant first argues that the Commonwealth presented insufficient evidence to sustain his conviction of fleeing or attempting to elude police

because it failed to prove a willful intent to flee or elude. Appellant claims that he did not see Corporal Robbins pursuing him and did not have notice of a visual and audible signal to stop.

To sustain a conviction for fleeing and eluding, the Commonwealth must prove that a person willfully failed or refused to bring his vehicle to a stop, or otherwise attempted to flee or elude police officers, after being given a visual and audible signal to stop. 75 Pa.C.S. § 3733(a); *Commonwealth v. Bowen*, 55 A.3d 1254, 1261 (Pa. Super. 2012). The actor's willfulness can be demonstrated directly or circumstantially. *Commonwealth v. Bellini*, 482 A.2d 997, 1000 (Pa. Super. 1984) (citation omitted).

The trial court rejected Appellant's assertion that he did not have notice of a visual or audible signal to stop his motorcycle, finding instead as follows:

> [T]he evidence demonstrated that Corporal Robbins issued a visual sign to the defendant to stop his motorcycle by activating his overhead lights. This Court believes that [Appellant] knew he was speeding and was operating with an expired registration at a time when he was not licensed to drive. In this Court's view, [Appellant] endeavored to elude Corporal Robbins to avoid any repercussions for his various violations of the vehicle code.

Trial Court Opinion, 9/17/14, at 6–7.

After careful review of the record, we agree with the trial court that the evidence presented at trial, viewed favorably to the Commonwealth, was

-5-

sufficient to establish that Appellant willfully intended to flee from Corporal Robbins. The trooper testified that he was in plain sight in a marked vehicle when his radar gun registered Appellant's motorcycle exceeding the speed limit. N.T., 6/24/14, at 7. Corporal Robbins immediately began pursuit and, in approximately nine seconds, he activated his overhead lights. At that point, the trooper estimated that Appellant was 200 yards ahead of him, and he observed the motorcycle "[jump] into the left lane and [take] off at a high rate of speed." *Id*. at 8. The trooper followed Appellant with his lights flashing for about one minute, and closed the gap between the vehicles to 100 yards at one point during the pursuit. *Id*. at 24.

The video from the cruiser's dashboard camera corroborates Corporal Robbins's testimony. Commonwealth's Ex. A; Defendant's Ex. 1. The recording reveals that when the lights from the cruiser were initially activated, Appellant's motorcycle was within view of the patrol car. The video verifies that the overhead lights illuminated the roadway and reflected off of the road signs ahead of the motorcycle. The video also confirms that Appellant's motorcycle was within the trooper's line of vision for several seconds before Appellant accelerated out of view. Appellant acknowledged that on the date of the incident he was unsure of his rate of speed and was

not in compliance with the restriction on his operator's license. N.T., 6/24/14, at 41-42, 44.

We recognize that the time and distance of the instant pursuit were brief, *see e.g*. *Commonwealth v. Bowen*, 55 A.3d at 1260 (evidence of failing to stop when given visual and audible signals, combined with thirty-minute high speed pursuit that crossed state lines, can establish attempt to flee or elude); however, the brevity of the incident does not exonerate Appellant from his deliberate behavior. Appellant's acceleration and change of lanes after the cruiser's lights were activated, the video evidence that the lights from the cruiser illuminated road signs in front of Appellant's motorcycle, Appellant's increased speed of travel, and his awareness that he was operating his motorcycle in violation of his restricted license directly contradict Appellant's claim that he was unaware that he was being pursued by Corporal Robbins. The credibility of Appellant's representations is a matter far removed from the purview of an appellate court given the constricted nature of our review. Accordingly, we conclude that Appellant's sufficiency of the evidence challenge is unavailing.

We turn to Appellant's claim that 75 Pa.C.S. § 3733(a) requires both an audible and visual signal to stop[1] and that the record is devoid of any

---

[1] We note some inconsistency in the statute. Whereas 75 Pa.C.S. § 3733(a) refers to one's failure to stop after being given a visual **and** audible signal,

evidence that he had audible notice of Corporal Robbins's pursuit. We conclude that this argument has not been preserved for appellate review.

First, there was no testimony from either Corporal Robbins or Appellant regarding an audible signal, and there was no mention of such a signal in defense counsel's closing argument. Next, Appellant's Pa.R.A.P. 1925(b) statement framed the sufficiency of the evidence issue as whether the Commonwealth failed to prove that Appellant "saw Corporal Robbins, had notice of a visual **or** audible signal to stop, and thus had the requisite intent to flee or elude an officer." Appellant's 1925(b) Statement at unnumbered 3 (emphasis added). Finally, and understandably given the non-specificity of Appellant's 1925(b) statement, the trial court's Pa.R.A.P. 1925(a) opinion does not address the presence or absence of an audible signal.

Pa.R.A.P. 1925(b)(4)(ii) provides that an appellant's statement of errors complained of on appeal must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." ***See also Commonwealth v. Dowling***, 778 A.2d 683, 687 (Pa. Super. 2001) (appellant's concise statement must properly specify error to be addressed on appeal). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify

---

75 Pa.C.S. § 3733(b) informs that the signal given by the police officer may be by hand, voice, emergency lights, **or** siren.

and address the issues an appellant wishes to raise on appeal." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006)). A "[c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011) (quoting ***Reeves***, 907 A.2d at 2). If a concise statement is too imprecise, the court may find waiver. ***Hansley***, 24 A.3d at 415.

Appellant's Rule 1925(b) statement states that the Commonwealth did not proffer sufficient evidence to prove that Appellant had notice of a visual or audible signal. Because the specific issue of the requirement of the audible signal was not presented to the trial court to give it a chance to address the claim in its opinion, the issue has been waived.[2]

Appellant next assails the sufficiency of the evidence to support the felony grading of his fleeing and eluding conviction. A conviction for fleeing or eluding a police officer is graded as a third-degree felony if the defendant "endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase." 75 Pa.C.S. § 3733(a.2)(2)(iii); ***In re R.C.Y.***, 27 A.3d 227, 230 (Pa. Super. 2011).

---

[2] In any event, the video of the incident, which is part of the record, demonstrates that Corporal Robbins activated his siren when pursuing Appellant. Commonwealth's Ex. A; Defendant's Ex. 1.

This Court has discussed the felony gradation of a fleeing or eluding offense.  In *R.C.Y.*, 27 A.3d at 231, we affirmed application of the enhanced penalty provision in a juvenile adjudication.  While being chased by two police officers, the juvenile driver committed numerous Motor Vehicle Code infractions and hit both a police car and a police officer while trying to avoid apprehension.  The question on appeal was whether the enhanced penalty provision was correctly applied when the juvenile never travelled at a speed greater that thirty-five miles per hour.  *Id*. at 229.

The *R.C.Y.* majority began its analysis by noting that "high speed chase" is not defined in the statute, and it referenced the legislative history revealing that the term was left undefined because "the courts will know [high speed chases] when they see them."  *R.C.Y.*, 27 A. 3d at 230 (quoting Pa S. Jour., 2006 Reg. Sess. No. 46, 1839 (June 27, 2006)).  The majority then declined to define the term literally, concluding that the legislature:

> intended that "high-speed chase" be a term of art, having a practical, legal meaning that was not closely bound by a literal definition.  The term "high-speed chase," far from being the primary focus of the subsection, was intended to merely require a different level of danger from the run-of-the-mill dangers posed by merely failing to stop when signaled to do so by a police officer.  In other words, the legislature included this term to indicate that the enhanced penalties applied only in cases where the defendant's actions created an extraordinary danger to the public at large or to police officers.

*Id*.  Accordingly, and despite the fact that the juvenile never drove at an excessive rate of speed, the *R.C.Y.* majority decided that his behavior was

"precisely the sort of mischief the legislature intended to remedy" when it enacted 75 Pa.C.S. § 3733(a.2)(2)(iii) and affirmed the adjudication of delinquency. *Id*. at 230-231.

In **Bowen**, 55 A.3d at 1261, testimony from state troopers involved in a pursuit established that the driver refused to stop after the police visually and audibly signaled for him to pull over. The troopers related that the pursuit lasted approximately thirty minutes and crossed state lines. Their testimony also established that the vehicle involved was driven erratically "at speeds between 70 and 100 miles per hour, endangering other traffic on the roads." *Id.* at 1261. The **Bowen** Court agreed with the trial court that this evidence supported a conviction of the aggravated level of fleeing and eluding. *Id*.

In rendering its decision on the grading enhancement in the instant matter, the trial court specifically found that while Appellant's conduct did not endanger Corporal Robbins, the evidence established that Appellant did endanger the general public during the pursuit. N.T., 6/24/14, at 57, 61. The court explained the reasons for its conclusion in its 1925(a) opinion:

> [Appellant] was clocked at 70 miles per hour (25 miles per hour over the legal limit) at the inception of the pursuit. Corporal Robbins testified that [Appellant] continued to accelerate after he activated his lights and Corporal Robbins['s] own speed exceeded 120 miles per hour during the chase. For all the reasons set forth herein, this Court believes that a high speed chase occurred. As reflected in the video and in the testimony of Corporal Robbins, the chase proceeded in traffic and

-11-

[Appellant's] motorcycle actually came within close proximity to other vehicles at a high rate of speed. The risk of a serious accident was high. This Court believes that [Appellant's] conduct rose to a level of a felony. . . .

Trial Court Opinion, 9/17/14, at 8.

Viewing the evidence of the pursuit favorably to the Commonwealth, there is no reason to disturb the trial court's conclusion in this regard. While the chase at issue here lacked some of the drama detailed in *R.C.Y.* and *Bowen*, Appellant's behavior was not a routine failure to stop. It involved an accelerated getaway with lane changes and speeds estimated to be over one hundred miles per hour. Other vehicles were travelling on the roadway during the chase. Furthermore, Corporal Robbins was required to accelerate to a high speed to pursue Appellant. It is also significant that Corporal Robbins abandoned the pursuit in part because he "didn't want to endanger anybody else . . . ." N.T., 6/24/14, at 16. Given these facts, the trial court decided correctly that Appellant's high risk conduct was a danger to the public that justified the enhanced penalty.

Appellant's final argument is that the verdict was against the weight of the evidence. "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."

*Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004) (quoting *Commonwealth v. Hunter*, 554 A.2d 550, 555 (Pa. Super. 1989)). "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* (citing *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. Super. 2003)) (citations omitted).

The trial court dismissed Appellant's weight of the evidence claim as follows:

> As a matter of law, [Appellant's] claim on this appeal that the verdict was against the weight of the evidence is a concession that the evidence was sufficient to convict him. Essentially, [Appellant] claims that the testimony of Corporal Robbins was not credible and this Court should have credited the testimony of [Appellant]. The trial evidence presented by the Commonwealth has been recounted herein and was credible, competent and reliable. Credibility attacks do not warrant any reconsideration of the weight of the evidence in this case. The trial evidence supported the verdict. This Court has reviewed the trial record and believes that the verdict does not shock any rational sense of justice and, therefore, the verdict was not against the weight of the evidence.

Trial Court Opinion, 9/17/14, at 10.

Appellant offers four reasons why the judge's verdict was so unreliable as to shock the conscience: the trial court did not consider the short time

interval when Appellant's motorcycle was in Corporal Robbins's view; the mathematical improbability of the trooper's assessment of the speed of Appellant's motorcycle; the complete dashboard video credited his testimony and discredited Corporal Robbins's testimony; and that he stopped without incident when Corporal Robbins conducted the second induced stop. In essence, Appellant's weight of the evidence argument is a combination of a re-statement of his sufficiency of the evidence challenge and an attack on the credibility of the Commonwealth's witness.

None of Appellant's allegations presents a meritorious affront to the weight of the evidence. Neither the short time that the motorcycle was in view in the video nor Appellant's behavior attendant to the second stop render the verdict shocking. Additionally, the trial court's choice to accept Corporal Robbins's version of the speed of the pursuit and its assessment of the video evidence were purely within its discretion and will not be disturbed on appeal. Clearly, the verdict is supported by evidence of record and does not in any way shock one's sense of justice. Accordingly, the trial court did not abuse its discretion, and Appellant's weight of the evidence claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015