J-S43011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEREK SCOTT ZIPP | |
| Appellant | No. 1689 MDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001196-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 05, 2016**

Appellant, Derek Scott Zipp, appeals from the judgment of sentence entered in the Lebanon County Court of Common Pleas, following his jury trial conviction of persons not to possess, use, manufacture, control, sell or transfer firearms.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In March 2014, Kathleen Wright, Appellant's stepmother, allowed Appellant to stay at her home on multiple occasions.  Appellant's visits usually lasted two or three days, and Ms. Wright let Appellant stay in her bedroom on each occasion.  At the time, Ms. Wright owned a Raven .25 caliber handgun, which she kept in an unlocked gun cabinet in her bedroom.  On March 22,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

2014, Ms. Wright contacted police after she noticed her handgun was missing from the gun cabinet. Ms. Wright informed Officer Salvatore Mannino that she suspected Appellant had taken the handgun. Specifically, Ms. Wright told Officer Mannino that Appellant had tried to sell the handgun to Chad Hall. Officer Mannino subsequently interviewed Mr. Hall, who confirmed that Appellant had tried to sell him the handgun. Mr. Hall further informed Officer Mannino that Appellant planned to sell the handgun to Mr. Mentzer. A subsequent interview with Mr. Mentzer confirmed that Appellant also tried to sell the handgun to Mr. Mentzer; however, Mr. Mentzer denied purchasing the handgun from Appellant. Based on this information, police arrested Appellant.

On August 5, 2014, the Commonwealth charged Appellant with receiving stolen property and persons not to possess, use, manufacture, control, sell or transfer firearms. Appellant proceeded to a jury trial. On April 16, 2015, the jury convicted Appellant of persons not to possess, use, manufacture, control, sell or transfer firearms and found Appellant not guilty of receiving stolen property. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report. On May 27, 2015, the court sentenced Appellant to a term of four (4) to ten (10) years' imprisonment. Appellant timely filed post-sentence motions on June 8, 2015, which the court denied on August 27, 2015. Appellant timely filed a notice of appeal on September 28, 2015. On October 12, 2015, the court

ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied on October 30, 2015.

Appellant raises the following issues for our review:

DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE AT TRIAL TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT ACTUALLY POSSESSED THE FIREARM?

WAS THE JURY'S VERDICT AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE JURY PLACED TOO GREAT A WEIGHT ON THE TESTIMONY PRESENTED BY THE COMMONWEALTH'S WITNESSES THAT [APPELLANT] POSSESSED THE FIREARM?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Samuel A. Kline, we conclude Appellant's issues merit no relief.[2] The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed August 27, 2015, at 2-8) (finding:

**(1-2)** Commonwealth and Appellant stipulated that Appellant has been

---

[2] With respect to Appellant's first issue on appeal, we note that Appellant vaguely claims the evidence was insufficient to support his persons not to possess, use, manufacture, control, sell or transfer firearms conviction. Appellant's failure to develop any meaningful analysis for his sufficiency of the evidence claim could constitute waiver on appeal. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (stating: "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). Despite this deficiency, we decline to find waiver on this basis.

prohibited by law from possessing, using, controlling, selling or transferring firearms since May 21, 2008; Commonwealth presented testimony of Ms. Wright, who stated she kept her Raven .25 caliber handgun in unlocked gun cabinet in her bedroom; Ms. Wright testified that Appellant stayed in bedroom where gun was located two or three times in March 2014; Ms. Wright further stated she noticed handgun was missing from gun cabinet on March 22, 2014, after Appellant's stays at her house; Mr. Hall, Appellant's neighbor, also testified on behalf of Commonwealth; Mr. Hall stated he saw Raven .25 caliber handgun in Appellant's possession in late March 2014, when Appellant tried to sell handgun to Mr. Hall; Mr. Hall also testified that Appellant indicated he planned to sell handgun to Mr. Mentzer after Mr. Hall declined Appellant's offer to sell handgun; Mr. Mentzer testified he saw gun in Appellant's possession when Appellant offered to sell it to him; Appellant testified at trial and denied allegations that he took gun from Ms. Wright, possessed gun, or tried to sell gun to Mr. Hall or to Mr. Mentzer; jury was free to believe testimony of Mr. Hall and Mr. Mentzer and disbelieve Appellant's testimony; court will not disturb jury's credibility determinations; thus, Commonwealth presented sufficient evidence to establish Appellant's possession of handgun, and verdict was not against weight of evidence). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2016

SCANNED IMAGE
Circulated 09/09/2016 01:47 PM

ORIGINAL

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA

2015 AUG 27 PM 2 02

# IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

      v.

DEREK SCOTT ZIPP

: 
: 
: 
:    No: CP-38-CR-1196-2014
: 
: 
:

## ORDER

**And now, to wit, this 27th day of August, 2015,** upon consideration of the Defendant's Post-Sentence Motions, the parties' briefs in support of their respective positions, and the record of the case, the Post-Sentence Motions are **DENIED.**

Pursuant to Pa. R. Crim. P. 720(B)(4), the Defendant is advised that he has the right to appeal from this denial to the Superior Court of Pennsylvania. An appeal must be filed in writing no later than thirty (30) days from the date of this Order. The Defendant has the right to the assistance of counsel in the preparation of an appeal. In the event that the Defendant is indigent, he has the right to appeal *in forma pauperis* and to proceed with assigned counsel as provided by Pa. R. Crim. P. 122. The Defendant has the qualified right to bail under Pa. R. Crim. P. 521(B).

BY THE COURT:

_____,J.
SAMUEL A. KLINE

PURSUANT TO Pa R. Crim. P. 114
All parties are hereby notified
this date: 8/27/15
Clerk of Courts, Lebanon, PA

cc:   Gregory H. Becker, Esq.
       Nicholas Sidelnick, Esq.

i

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA
2015 AUG 27 PM 2 02

# IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

DEREK SCOTT ZIPP

:
:
:
:
:
:
:

No: CP-38-CR-1196-2014

APPEARANCES:
Gregory H. Becker, Esq. for the Commonwealth
Nicholas Sidelnick, Esq. for the Defendant

## OPINION, KLINE, J., AUGUST 27, 2015

Before the Court are the Defendant's Post-Sentence Motions. For the reasons set forth herein, we deny the Post-Sentence Motions, as specified below.

## FACTS AND PROCEDURAL HISTORY

The Defendant was charged with one count of Receiving Stolen Property and one count of Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer Firearms pursuant to 18 Pa.C.S.A. §3925(a) and 18 Pa.C.S.A. §6105(a)(1), respectively. A jury trial was held on April 16, 2015. The jury found the Defendant guilty of Persons Not to Possess a Firearm but not guilty of Receiving Stolen Property. On May 27, 2015, the Defendant was sentenced to 4-10 years in a state correctional institution.

On June 8, 2015, the Defendant filed Post-Sentence Motions, which included a Motion for Judgment of Acquittal and a Motion for New Trial. Specifically, the Defendant argues that the evidence adduced at trial was insufficient to find him guilty insofar as the Commonwealth failed to present sufficient evidence that he ever possessed a firearm. Also, the Defendant

1

argues the verdict was against the weight of the evidence as the jury placed too great a weight on the testimony of the Commonwealth's witnesses.

Pursuant to the Defendant's request, a motion for extension of time for disposition was granted pursuant to Pa.R.Crim.P. 720(B)(3)(b). The Defendant filed a brief in support of his position on August 10, 2015. The Commonwealth filed a brief in support of its position on August 21, 2015. The case is thus before us and ripe for disposition.

## DISCUSSION

"The defendant in a court case shall have the right to make a post-sentence motion." Pa.R.Crim.P. 720 (B)(1)(a). Post-sentence motions shall be filed no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). Pursuant to Pa.R.Crim.P. 720(B)(1)(a)(ii) and (iv), post-sentence motions may include a motion for judgment of acquittal and a motion for a new trial.

### Sufficiency of the Evidence

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

2

[finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Com. v. Jones*, 874 A.2d 108, 120-121 (Pa. Super. 2005).

Persons not to possess a firearm is defined as follows:

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

(a) Offense defined.--

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.·

18 Pa.C.S.A. §6105(a)(1).

The first element of the offense is that the Defendant must have been convicted of an offense enumerated in subsection (b) within or without this Commonwealth or whose conduct meets the criteria in subsection (c). The Commonwealth and the Defendant entered into a stipulation. The stipulation states, "Since May 21, 2008, Defendant is/has been prohibited by law from possessing, using, controlling, selling, or transferring a firearm." (N.T. 10, Exhibit 1). Therefore, the Commonwealth only had to prove the second element: possession of a firearm. The record of the jury trial reflects the following relevant facts.

Kathleen Wright (hereinafter "Ms. Wright") presented testimony on behalf of the Commonwealth. Ms. Wright owned a Raven .25 caliber handgun. (N.T. 12, 17). She kept it in an unlocked gun cabinet in her

3

bedroom in her home. (N.T. 13). The Defendant was Ms. Wright's stepson, and the Defendant stayed at her home two or three times in March of 2014 while she owned the gun. (N.T. 12-13, 102). She testified, "Well, it was a couple times that he came there, but it was like two or three days that he would stay there...each time." (N.T. 102). The Defendant stayed in the bedroom where the gun cabinet was located. (N.T. 14). She noticed the gun was missing on March 22, 2014. (N.T. 13-14, 27). Ms. Wright subsequently spoke with Chad Hall (hereinafter "Mr. Hall"). (N.T. 15, 24). Mr. Hall then drove Ms. Wright over to her ex-husband's house where she met with a person by the name of Red. (N.T. 18, 24-25).

Mr. Hall testified on behalf of the Commonwealth. Mr. Hall was the Defendant's neighbor back in March of 2014. (N.T. 28). The record reflects the following:

> Question: Okay. And did the Defendant try and sell you a gun back in March?
>
> Answer: Yes, he did.
>
> Question: Can you tell the jury about that?
>
> Answer: Mr. Zipp came to my house, I believe it was on a Friday. He came to the house, he had a —he had a little pistol that he wanted to sell. He asked for $70.00 for the gun. My wife—we were moving out at the time. My wife had a couch—a leather couch that we wasn't taking with us so Mr. Zipp said that, you know, he wanted to trade me the gun for the couch. So I didn't want nothing to do with the gun at the time so Mr. Zipp said he was going to go to his dad's to get rid of the gun. That's the last time I saw him at that time.

(N.T. 28-29). Mr. Hall saw the Defendant with a gun in his possession when he came to his house. (N.T. 29). The Defendant handed him the gun. (N.T.

29-30). The gun was a Raven .25 caliber. (N.T. 30). Mr. Hall testified that Ms. Wright later came to his house, and he wound up driving her to the Defendant's dad's house. (N.T. 31). The Defendant told him that he sold the gun to Red. (N.T. 31, 32).

Robert Mentzer (hereinafter "Red") testified on behalf of the Commonwealth. The record reflects the following:

> Question: Okay. Did the Defendant try and sell you a gun at that time?
>
> Answer: Yes, sir.
>
> Question: Can you tell the jury about that?
>
> Answer: Well, at the time I was actually staying with his father taking care of him. He has some—he has some health issues. I couldn't tell you the day, but he had come over, we had gone inside, and he pulled the handgun out and asked me if I wanted to buy it, and I didn't, and he ended up leaving.

(N.T. 50-51). Red saw the Defendant with the gun in his possession. (N.T. 51, 59). Ms. Wright, Mr. Hall, and Red all identified the Defendant. (N.T. 16, 35, 54).

The Defendant also testified. The Defendant denied taking the gun from Ms. Wright, and he denied ever having it in his possession. (N.T. 95). The Defendant denied trying to sell the gun to Mr. Hall and to Red. (N.T. 95).

We find that there was sufficient evidence for the jury to find that the Defendant possessed a firearm. Mr. Hall and Red each testified that the Defendant tried to sell them a firearm. Both witnesses testified that they actually saw the firearm in the Defendant's possession.

In *Com. v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014), an appellant claimed that the evidence adduced by the Commonwealth at trial was

5

insufficient to find him guilty of persons not to possess a firearm. The Superior Court found the evidence was sufficient and stated the following:

> In relevant part, we already have reviewed the breadth of the evidence presented by the Commonwealth at trial in our discussion of Appellant's challenge to the admission of evidence. **Specifically, Reck's testimony established that Appellant had possessed firearms on the night in question.** In response, Appellant called both Harper and Burton to the stand to refute Reck's testimony. Both men testified that Appellant was not with them in the PT Cruiser on the night in question, and that Appellant did not possess a firearm. However, as the Commonwealth adduced during cross-examination, Harper and Burton's exculpatory claims directly contradicted earlier statements both men made while being questioned by the Pennsylvania State Police and appearing before the court of common pleas. In those prior statements, both men had attested that Appellant was present and participated in discharging the firearms on July 21, 2011.
>
> This evidence clearly was sufficient to establish that Appellant possessed a firearm on the morning of July 21, 2011. **The testimony of Reck, alone, established that Appellant possessed a firearm on July 21, 2011. See N.T. Part III at 25–26 ("[Appellant] had a sawed-off shotgun in his hand.... All of us shot the firearms.").**

*Antidormi*, 84 A.3d at 757 (emphasis added).

The instant matter is analogous to *Antidormi* as the record established that the Defendant possessed a firearm in March of 2014. The verdict indicates that the jury found Mr. Hall's and Red's testimony to be credible. Accordingly, we find there was sufficient evidence to sustain the Defendant's conviction, and the Defendant is not entitled to relief on this claim.

### Weight of the Evidence

"A court will grant a new trial on the ground that the verdict was against the weight of the evidence only where it 'appear[s] from the record

6

that the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may be given another opportunity to prevail.'" *Com. v. Bellini*, 482 A.2d 997, 999 (Pa. Super. 1984).[1]

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Com. v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000). (citations omitted). "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner." *Com. v. Lewis*, 911 A.2d 558. 565 (Pa. Super. 2006).

Having found sufficient evidence to sustain the Defendant's conviction, the verdict in this case does not shock the conscience of the Court. Therefore, it is not against the weight of the evidence.

Further, the Defendant specifically argues that the jury placed too great a weight on the Commonwealth's witnesses. In the Defendant's brief,

---

[1] "A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when 'the figure of Justice totters on her pedestal,' or when 'the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.'" *Com. v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007).

7

he claims that both Mr. Hall and Red's testimony was not credible in that they provided differing accounts as to what happened with the pistol. Further, their testimony was self-serving in so far as to avoid criminal liability as to each of their own potential roles in possessing a stolen firearm. In addition, the Defendant contends that Mr. Hall had an interest to incriminate him, and Mr. Hall had pending charges and his plea offer would be reevaluated. (See Defendant's brief, p. 6-7).

The Defendant's arguments ignore the well-settled principles of law that the finder of fact is free to believe all, part, or none of the evidence, and the fact finder makes credibility determinations. *Com. v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009). The jury made the credibility determinations of the witnesses, and it was permitted to believe all, part, or none of the testimony and evidence presented. The jury was free to believe the Commonwealth's witnesses over the Defendant, and the jury was free to weigh the Commonwealth's witnesses' testimony accordingly. This Court cannot disturb the jury's credibility determinations as a court is strictly prohibited from substituting its judgment for that of the trier of fact. If we were to accept the Defendant's argument, then we would be ruling that the jury should have believed the Defendant over Mr. Hall and Red. This is impermissible. Accordingly, the Defendant is not entitled to relief on this claim.

The Defendant's Post-Sentence Motions are denied. We will enter an Order consistent with the foregoing.

8